■ In the Matter of CHRISTINA A., a Child Alleged to be Abused and/or Neglected. EDWARD A., Appellant; OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [629 NYS2d 553] —Order unanimously affirmed without costs. Memorandum: In this abuse and neglect proceeding, Family Court erred during the fact-finding hearing in taking "judicial notice" of the testimony of two witnesses at a prior hearing pursuant to Family Court Act § 1028 without first determining that they were unavailable (see, CPLR 4517). Nevertheless, that error does not require reversal because a substantial right of a party was not prejudiced (see, CPLR 2002; Moore v Maggio, 96 AD2d 738). The court did not rely on that testimony in finding that the allegations of abuse and neglect had been corroborated; rather, the court relied upon medical and validation testimony of two witnesses who testified at the fact-finding hearing.

Contrary to respondent's argument, Family Court Act § 1051 (a) does not require the court to refer in its decision to each specific allegation of abuse and neglect in a petition (see, Matter of James O., 210 AD2d 972; Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K., 176 AD2d 326, 329). Section 1051 (e), however, requires the court to make a finding of the specific sex offense, as defined in Penal Law article 130, that respondent committed. When that has not been done, this Court can make the necessary finding (see, Matter of Ashley AA., 212 AD2d 937; Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K., supra). The corroborated testimony overwhelmingly supports a finding that respondent violated Penal Law § 130.35 (3) (rape in the first degree), Penal

Law § 130.65 (3) (sexual abuse in the first degree) and Penal Law § 130.50 (3) (sodomy in the first degree).

We have considered the remaining contentions of respondent and conclude that they are without merit. (Appeal from Order of Oswego County Family Court, Roman, J.—Abuse and Neglect.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.