■ In the Matter of HEATHER J. and Others, Children Alleged to be Abused and/or Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRUCE L., Appellant. [666 NYS2d 213] —White, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 1, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Heather J., Arabia K. and Alicia K. to be abused and/or neglected by respondent.

The mother of Heather J., born in 1982, commenced living in June 1976 with respondent with whom she had two children. In June 1994, petitioner filed an abuse and neglect petition against respondent alleging that he had sexually abused Heather and had engaged in domestic violence with her mother in the presence of the children. At the conclusion of a fact-finding hearing before a Judicial Hearing Officer (hereinafter JHO), the allegations were sustained and an order was thereafter entered by Family Court to the effect that respondent had abused Heather and had neglected his two biological children. This appeal ensued following the entry of the order of disposition which is not in issue.

Respondent's initial argument that this proceeding is defective because the Family Court Act does not provide for JHOs

does not withstand analysis. The JHO program was established by Judiciary Law article 22 which authorizes, without limitation to a particular court, the assignment of a JHO so long as the assignment is in conformance with the law and rules of the Chief Administrator of the courts (Judiciary Law § 851 [2]). Like the Judiciary Law, the rules of the Chief Administrator contain no limitation as to the court or proceeding to which a JHO may be assigned (22 NYCRR part 122) and, unlike the Criminal Procedure Law (CPL 255.20 [4]), neither does the Family Court Act nor the CPLR, which governs procedure in Family Court where the Family Court Act is silent (CPLR 4001; Family Ct Act § 165 [a]). Moreover, since the trial court retains complete control over the proceeding, the JHO procedure does not offend the Constitution (*see, People v Scalza,* 76 NY2d 604, 608-609). Accordingly, there was no prohibition against referring this matter to a JHO.

Respondent nevertheless maintains that this proceeding was invalid because he did not consent to the use of a JHO. It is well established that an order of reference to a JHO to hear and determine is permissible only with the consent of the parties and that such consent is a jurisdictional prerequisite (*see, Batista v Delbaum, Inc.,* 234 AD2d 45, 46). To ensure that this requirement is satisfied, the JHO should obtain the parties' consent on the record, preferably after a recitation of the order of reference. While this procedure was not followed here, the proceeding is not jurisdictionally defective since respondent actively participated in the hearing without objection (*see, Chalu v Tov-Le Realty Corp.,* 220 AD2d 552, 553, *lv dismissed and lv denied* 88 NY2d 959).

Prior to Heather testifying at the fact-finding hearing, her Law Guardian requested that her testimony be taken in camera. The JHO interviewed Heather in camera with counsel present and determined there was a possibility that she might not be able to respond to questions if respondent was present. He then directed everyone but counsel to leave the courtroom and Heather proceeded to give sworn testimony, including cross-examination by respondent's counsel. In our view, this procedure did not violate any of respondent's rights (*see, Matter of Christina F.,* 74 NY2d 532, 537; *Matter of Keith C.,* 226 AD2d 369, 370, *lv denied* 88 NY2d 807; *Matter of Jessica G.,* 200 AD2d 906).

As it is well recognized that the cross-examination of witnesses is generally limited to matters stated in their direct testimony (Prince, Richardson on Evidence § 6-303, at 380 [Farrell 11th ed]) and that the trial court, in its discretion, may

control the method and duration of cross-examination (*see, Feldsberg v Nitschke*, 49 NY2d 636, 643), we find that the JHO did not abuse his discretion in limiting the cross-examination of one of petitioner's witnesses to matters brought out on her direct examination.

Turning to substantive issues, petitioner's proof consisted of Heather's out-of-court statement detailing repeated incidents occurring over a span of one year of sexual abuse perpetrated by respondent, such as respondent touching her vagina, penetrating her on numerous occasions and forcing her to touch his genitals; her in camera sworn testimony corroborating her out-of-court statement; expert medical testimony from a physician that his finding of an irregular hymen was consistent with hymen penetration and that Heather's behavioral symptoms were consistent with sexual abuse; and the testimony of a caseworker who related consistent statements by Heather regarding respondent's infliction of sexual abuse upon her. With this proof we find that petitioner established by a preponderance of the evidence that respondent sexually abused Heather in violation of Penal Law §§ 130.30 (rape in the second degree) and 130.60 (sexual abuse in the second degree) (*see, Matter of Shannon K.*, 222 AD2d 905). With this finding, we have cured the deficiencies in the JHO's findings (*see, Matter of Christina A.*, 216 AD2d 928; *Matter of New York City Dept. of Social Servs. [Anna Marie A. v Elena A.*, 194 AD2d 608, 609-610).

We reject respondent's challenge to the finding of derivative neglect with respect to his biological children. His repeated sexual abuse of Heather evinces a transcendent inability to understand or fulfill the parental responsibility of protecting children from harm, which creates a substantial risk of harm for any child in his care (*see, Matter of Angelina AA.*, 211 AD2d 951, 952-953, *lv denied* 85 NY2d 808; *Matter of Amanda LL.*, 195 AD2d 708, 709).

Lastly, respondent's argument that Family Court's order is invalid because it did not preside over the fact-finding hearing lacks merit since, applying the presumption of regularity (Fisch, New York Evidence § 1133, at 648 [2d ed]), it may be assumed that the record was fully presented to the court for its review prior to the issuance of its order (*see, People v Scalza*, 76 NY2d 604, 610, *supra*).

Mercure, Peters and Carpinello, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, without costs.