In the Matter of DILLON S. and Another, Children Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIM S., Appellant. [672 NYS2d 209] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Following an investigation into allegations that excessive corporal punishment had been inflicted on respondent's two sons, Family Court issued an ex parte order placing the children in foster care. Following a hearing pursuant to Family Court Act § 1028, the court ordered that the children remain in foster care during the pendency of the neglect proceedings. A fact-finding hearing on the neglect petition was held, at which the court allowed petitioner to rely entirely upon the testimony adduced at the section 1028 hearing. Respondent objected, arguing that the section 1028 hearing had a "limited purpose" and that due process requires that a full fact-finding hearing be held.

The court erred in incorporating into the fact-finding hearing the testimony adduced at the section 1028 hearing, without first determining that the witnesses were unavailable (see, Matter of Christina A., 216 AD2d 928). The evidentiary standard in a fact-finding hearing is higher than that in a section 1028 hearing (see, Family Ct Act § 1046 [b] [ii]; [c]), and the focus of a section 1028 hearing is narrow (see, Family Ct Act § 1028 [a]). Consequently, the wholesale incorporation of the testimony at the section 1028 hearing into the fact-finding hearing is improper. Because the court based its factual findings entirely upon the prior testimony, the error cannot be deemed harmless (see, Matter of Raymond J., 224 AD2d 337, 338; cf., Matter of Christina A., supra). We therefore remit this matter for a fact-finding hearing to be held before a different Judge within 60 days of the date of the order of this Court. (Appeal from Order of Erie County Family Court, Mix, J.—Neglect.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Fallon, JJ.