■ In the Matter of ELEANORE B.R., Respondent, v SHANDY S., Appellant, and ANGELO S., Respondent. (Proceeding No. 1.) In the Matter of ANGELO S., Respondent, v ELEANORE B.R., Respondent, and SHANDY S., Appellant. (Proceeding No. 2.) In the Matter of SHANDY S., Appellant, v ANGELO S., Respondent. (Proceeding No. 3.) [784 NYS2d 807]—

Appeal from an order of the Family Court, Cattaraugus County (Paul B. Kelly, J.H.O.), entered August 14, 2002 in a proceeding pursuant to Family Ct Act article 6. The order awarded custody of the child to Eleanore B.R. and visitation to Shandy S. and Angelo S.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order awarding custody of her son to petitioner, the child's great-aunt. Contrary to respondent mother's contention, the record supports Family Court's determination that extraordinary circumstances exist and that the child's best interests are served by the award of custody to petitioner based on the prolonged separation between respondent mother and the child, respondent mother's history of unfitness as a parent and neglect of the child and the currently volatile nature of respondent mother's life (*see e.g. Matter of Pamela S.S. v Charles E.*, 280 AD2d 999, 1000 [2001]; *Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 291-295 [1996]; *see generally Matter of Bennett v Jeffreys*, 40 NY2d 543 [1976]). Contrary to the contention of respondent mother, the court did not make a judicial finding of abandonment within the meaning of Domestic Relations Law

§ 111 (2) (a). Rather, the court found that her conduct in moving 300 miles away from her child and in voluntarily failing to have any contact with her child for more than seven months was a form of abandonment that should be considered in determining whether extraordinary circumstances exist to warrant inquiry into the child's best interests. Having found that extraordinary circumstances exist, the court properly awarded custody to petitioner based upon the child's best interests.

Finally, without determining whether respondent mother's further contention that the court erred in granting petitioner an ex parte temporary order of custody is properly before us, we note that such contention has "been rendered moot by the entry of the final order herein" (*Matter of Nicotera v Nicotera*, 222 AD2d 892, 894 [1995]). Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.