■ In the Matter of MARLENE M. RUGGIERI, Respondent, v SHIRLEY A. BRYAN, Appellant. [803 NYS2d 839]—

Appeal from an amended order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered July 19, 2004 in a proceeding pursuant to Family Court Act article 6. The amended order granted sole custody of petitioner's son to petitioner.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for a hearing in accordance with the memorandum herein and, pending a new determination, petitioner shall retain physical custody of her son.

Memorandum: We note at the outset that the order from which respondent appeals was superseded by an amended order entered approximately two weeks later. In the exercise of our discretion, we treat the appeal as taken from the amended order (*see* CPLR 5520 [c]; *Matter of Klink*, 278 AD2d 883 [2000], *appeal dismissed* 96 NY2d 851 [2001]; *Matter of Quinlin v Pierce*, 254 AD2d 690, 690-691 [1998]).

Respondent began providing petitioner's son with daycare a few weeks after his birth and, within a few more weeks, petitioner began leaving her son with respondent overnight. Soon thereafter, petitioner's son stayed full time with respondent. Respondent obtained an order of Family Court awarding her custody of petitioner's son, apparently on the consent of petitioner, and petitioner did not commence this proceeding seeking custody of her son until approximately five years later.

We conclude that the court erred in determining that extraordinary circumstances did not exist and in granting the petition without conducting a hearing to determine whether the best interests of petitioner's son are served by awarding sole custody to petitioner (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]).

In a custody dispute between a parent and a nonparent, "[t]he nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child" (*Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 291 [1996]; *see Matter of Male Infant L.*, 61 NY2d 420, 426-427 [1984]; *Matter of Cote v Brown*, 299 AD2d 876, 877 [2002]; *Matter of Abendschein v Gatti*, 105 AD2d 1101, 1102 [1984]). To establish extraordinary circumstances, the nonparent must establish that the parent has relinquished the right to custody by means of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Bennett*, 40 NY2d at 544; *see Matter of Eleanore B.R. v Shandy S.*, 12 AD3d 1101 [2004], *lv denied* 4 NY3d 705 [2005]). Absent a previous judicial determination of the issue of extraordinary circumstances, a determination of that issue is required in order to reach the issue of best interests, despite the existence of a prior custody order (*see Matter of Guinta v Doxtator*, 20 AD3d 47, 50 [2005]; *Michael G.B.*, 219 AD2d at 292).

We agree with respondent that she met her burden of establishing that extraordinary circumstances exist and thus that a hearing on the issue of the best interests of petitioner's son is required. At the hearing on the issue of extraordinary circumstances, respondent presented evidence that petitioner voluntarily surrendered physical custody of her child to respondent, that she had no established household, and that she took no legal steps to regain custody of her son for approximately five years after respondent obtained custody of him. That evidence is sufficient to establish that extraordinary circumstances exist, mandating that a hearing be conducted on the issue of the best interests of petitioner's son (*see generally Michael G.B.*, 219 AD2d at 292-294). We note that, based upon the court's rulings prior to the hearing on extraordinary circumstances, respondent was precluded from presenting evidence on the issue of the best interests of petitioner's son, and thus a best interests hearing is required. We therefore reverse the amended order and remit the matter to Family Court for a hearing to determine whether the best interests of petitioner's son are served by awarding custody to petitioner. Petitioner has had physical

custody of her son since January 2005 and, pending a new determination, she shall retain physical custody of her son. If the parties are unable to agree upon visitation, application may be made to Family Court for an appropriate order. Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.