■ In the Matter of VINCENT A.B., Appellant, v KAREN T., Respondent. [816 NYS2d 637]—

Appeal from an amended order of the Family Court, Orleans

County (James P. Punch, J.), entered December 8, 2004 in a proceeding pursuant to Family Court Act article 6. The amended order modified a prior order and granted primary physical custody of petitioner's son to respondent.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an amended order awarding primary physical custody of his son to respondent, the child's great aunt. We agree with petitioner that Family Court erred in considering the best interests of the child without first determining that extraordinary circumstances exist. "[A] parent has a superior right to custody and thus a nonparent seeking custody has a burden of proving that extraordinary circumstances exist. . . . [That] 'rule applies even if there is an existing order of custody concerning that child unless there is a prior determination that extraordinary circumstances exist' " (*Matter of Guinta v Doxtator*, 20 AD3d 47, 50 [2005]; *see Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998]). Here, there was no prior determination that extraordinary circumstances exist. Nevertheless, we need not remit the matter to Family Court for a new hearing because the record is adequate to enable us to determine whether extraordinary circumstances exist (*see Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 292 [1996]).

"A parent's voluntary relinquishment of physical custody of the child, when combined with other factors, may constitute extraordinary circumstances" (*Matter of Cote v Brown*, 299 AD2d 876, 877 [2002]). We conclude on the record before us that there are extraordinary circumstances, based upon the extended disruption of custody that occurred when petitioner relocated to another state for personal reasons, his voluntary relinquishment of physical custody to respondent, and his failure to establish that he had obtained the mental health treatment that had previously been ordered (*see generally Matter of Ruggieri v Bryan*, 23 AD3d 991 [2005]; *Matter of Eleanore B.R. v Shandy S.*, 12 AD3d 1101 [2004], *lv denied* 4 NY3d 705 [2005]; *Matter of Pamela S.S. v Charles E.*, 280 AD2d 999 [2001]).

Having determined that extraordinary circumstances exist, we further conclude that the court properly determined that an award of primary physical custody to respondent is in the child's best interests (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 549-551 [1976]). The court's " 'determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Matter of Hill*

*v Rogers,* 213 AD2d 1079, 1079 [1995]; *see Matter of Pinkerton v Pensyl,* 305 AD2d 1113 [2003]; *see generally Matter of Irene O.,* 38 NY2d 776, 777 [1975]). The record establishes that petitioner is less fit than respondent and less able to provide for the child's stability and physical, medical, educational, moral, and emotional well-being. Thus, we conclude that the court's determination has a sound and substantial basis in the record and will not be disturbed (*see Pinkerton,* 305 AD2d 1113 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.