■ In the Matter of ANJENET M. JOHNSON, Respondent, v PATRICIA A. STREICH-MCCONNELL, Appellant, and CRAIG A. CONANT, Respondent. (Appeal No. 1.) [886 NYS2d 539]—

Appeal from an order of the Family Court, Onondaga County (George M. Raus, Jr., R.), entered February 22, 2008 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted custody of the subject child to petitioner.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second decretal paragraph and the second ordering paragraph and as modified the order is affirmed without costs, and the matter is

remitted to Family Court, Onondaga County, for a hearing in accordance with the following memorandum: The mother of the child who is the subject of these appeals, a respondent in appeal No. 1 and the petitioner in appeal No. 2, appeals from an order in appeal No. 1 that, inter alia, granted custody of her daughter to the petitioner in that appeal, a paternal aunt. In appeal No. 2, the mother appeals from an order that dismissed as moot her petition seeking to modify a prior amended order awarding custody of the child to the father, a respondent in appeal No. 1 and the sole respondent in appeal No. 2. Contrary to the mother's contention in each appeal, the orders therein do not lack "the essential jurisdictional predicate of [the mother's] consent" to have the matters heard and decided by the Referee (*Litman, Asche, Lupkin & Gioiella v Arashi*, 192 AD2d 403 [1993]; *see generally Matter of Heather J.*, 244 AD2d 762, 763 [1997]). The record establishes that the mother signed a stipulation permitting the Referee to hear and decide all issues involved in these proceedings, as well as all future related proceedings, with the assistance of counsel (*cf. Matter of Osmundson v Held-Cummings*, 306 AD2d 950 [2003]). We reject the contention of the mother that the Referee erred in refusing to allow her to withdraw her valid consent (*see generally Winans v Winans*, 124 NY 140, 143 [1891]; *Campbell v Bussing*, 274 App Div 893 [1948]).

Contrary to the further contention of the mother in appeal No. 1, the Referee properly determined that the aunt met her burden of establishing that extraordinary circumstances existed to warrant an award of custody in favor of a nonparent (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 548-549 [1976]; *Matter of Ruggieri v Bryan*, 23 AD3d 991, 992 [2005]). The mother's medical records establish that the mother has a history of mental health issues, which she has failed to address adequately (*see Matter of Miller v Orbaker*, 17 AD3d 1145, 1146 [2005], *lv denied* 5 NY3d 714 [2005]). We agree with the mother, however, that the Referee erred in granting custody of the child to the aunt without conducting a hearing on the issue of the child's best interests (*see generally Ruggieri*, 23 AD3d at 992). "[A] determination that extraordinary circumstances exist is only the beginning, not the end, of judicial inquiry" (*Bennett*, 40 NY2d at 548). Contrary to the contention of the aunt, the record is not sufficient for us to make our own determination with respect to the best interests of the child (*cf. Matter of Brian C.*, 32 AD3d 1224, 1225 [2006], *lv denied* 7 NY3d 717 [2006]). The Referee limited the proof at the hearing to events that occurred prior to December 2005 and that related solely to the issue of extraordinary circumstances. Thus, the mother was precluded

from presenting evidence of any of her rehabilitation efforts made with respect to her mental health issues subsequent to that month. We therefore modify the order in appeal No. 1 accordingly, and we remit the matter to Family Court for a hearing to determine the best interests of the child.

In view of our determination in appeal No. 1, we conclude with respect to the order in appeal No. 2 that the Referee erred in dismissing as moot the mother's petition to modify the prior amended order awarding custody of the child to the father. In the event that it is determined upon remittal that the aunt's petition should be denied, the issues raised in the mother's petition in appeal No. 2 must be addressed. We therefore reverse the order in appeal No. 2 and reinstate the petition.

We have reviewed the mother's remaining contentions with respect to each appeal and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.