In the Matter of DEBORAH J. BARNES, Respondent, v JIMMIE L. EVANS, Appellant. [914 NYS2d 487]—

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered April 23, 2009 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that petitioner shall have sole custody and primary physical residence of the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order awarding sole custody of his children to petitioner, the children's maternal aunt. The aunt sought custody of the children following the death of their mother, the father's wife. When proceedings involving the instant parties previously were before us, we reversed the order granting the amended petition of the aunt, and we reinstated the father's cross petition on the ground that the father did not receive adequate notice of the hearing on extraordinary circumstances and best interests (*Matter of Deborah J.B. v Jimmie Lee E.*, 31 AD3d 1146 [2006]). We remitted the matter to Family Court for a new hearing on the amended petition and cross petition, and we directed that the aunt shall retain legal and physical custody of the children pending the new hearing (*id.* at 1149).

Contrary to the father's contention, we conclude that Family Court properly determined that extraordinary circumstances existed based upon the abdication by the father of his parental responsibilities and his "persistent neglect of the child[ren]'s

health and well-being" (*Matter of Penny K. v Alesha T.*, 39 AD3d 1232, 1233 [2007]; *see Matter of Eleanore B.R. v Shandy S.*, 12 AD3d 1101 [2004], *lv denied* 4 NY3d 705 [2005]; *Matter of McDevitt v Stimpson*, 1 AD3d 811 [2003], *lv denied* 1 NY3d 509 [2004]). The court's finding of extraordinary circumstances was further supported by the history of the father of domestic violence, including one incident that occurred in front of his daughter (*see Matter of Jodoin v Billings*, 44 AD3d 1244, 1245-1246 [2007]; *Matter of Commissioner of Social Servs. of City of N.Y. [Sarah P.]*, 216 AD2d 387, 388 [1995]), and by his failure to comply with prior court orders, including an order requiring him to obtain anger management counseling (*see Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101 [2006], *lv denied* 7 NY3d 711 [2006]). The father does not contend on appeal that the award of custody to the aunt was not in the children's best interests, and we therefore do not address that issue. Present— Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.