# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**62**
**CAF 09-01165**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF BETH M.,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

SUSAN T., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

VICTORIA L. KING, CANANDAIGUA, FOR RESPONDENT-APPELLANT.

ROBERT L. GOSPER, ATTORNEY FOR THE CHILD, CANANDAIGUA, FOR BRIANNA T.

---

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered May 5, 2009 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner guardianship of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The subject child's mother, the respondent in appeal No. 1 and the petitioner in appeal No. 2, contends in appeal No. 1 that Family Court erred in granting the stepmother's petition under Family Court Act article 6 seeking guardianship of the child and in denying the mother's petition in appeal No. 2, also under Family Court Act article 6, seeking custody of the child. In both appeals, the mother contends that Family Court erred in admitting in evidence transcripts from 2004 proceedings concerning custody and visitation relative to the subject child. We agree with the mother that the court erred in admitting in evidence the transcripts of testimony from witnesses at the prior proceedings without first determining whether those witnesses were presently unavailable (*see* CPLR 4517; Family Ct Act § 165; *Matter of Dillon S.*, 249 AD2d 984; *Matter of Christina A.*, 216 AD2d 928). Nevertheless, we conclude under the circumstances of this case that the error is harmless and thus that reversal is not required inasmuch as "a substantial right of a party was not prejudiced" by that error (*Christina A.*, 216 AD2d at 928; *cf. Dillon S.*, 249 AD2d 984). The record reflects that the court primarily relied upon evidence and testimony that was presented at the fact-finding hearing on the instant petitions in making its findings of fact and conclusions of law (*see Christina A.*, 216 AD2d at 928; *cf. Dillon S.*, 249 AD2d 984; *Matter of Raymond J.*, 224 AD2d 337, 338). Thus, any reliance on the testimony of a witness at those prior proceedings was not essential to the court's conclusion herein (*see*

*Christina A.*, 216 AD2d at 928).  In any event, the only testimony from the 2004 proceedings to which the court referred in its findings of fact and conclusions of law was the testimony of a child sexual abuse counselor concerning her validation of the allegations of sexual abuse against the mother.  Notably, however, the court's prior determination that the mother sexually abused the child is also referenced in the 2004 order and the court's findings of fact underlying that order, and on appeal the mother does not challenge the admission of that order in evidence.  Thus, the admission in evidence of the transcripts from the prior proceedings is harmless for that reason as well.

Contrary to the further contention of the mother, we conclude that the stepmother met her burden of establishing the existence of extraordinary circumstances sufficient to warrant an inquiry into whether the best interests of the child would be served by awarding guardianship of the child to her, a nonparent (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981).  The evidence at the fact-finding hearing established, inter alia, that the mother had been convicted of driving while intoxicated three times, that she was on probation for the third conviction at the time of the hearing, and that she violated the terms of her probation.  The evidence further established that the mother has a history of alcohol abuse, that she suffers from ongoing mental health issues, and that she has been unemployed and unable to support herself since June 2007.  As discussed above, the record also contains a prior finding that the mother sexually abused the child, and the mother failed to submit any proof that she obtained a sex offender evaluation or a psychological evaluation in accordance with the terms of the 2004 order.  The record thus supports the court's conclusion that, at the present time, the mother is unable to assume responsibility for the child (*see Matter of Loren B. v Heather A.*, 13 AD3d 998, 1000-1001, *lv denied* 4 NY3d 710; *Matter of Parliament v Harris*, 266 AD2d 217; *Matter of Carosi v Bloom*, 225 AD2d 692).  Moreover, with respect to the issue of the best interests of the child, the record reflects that the child has lived with the stepmother for over four years, that the stepmother has been the child's primary caregiver during that time period, and that the stepmother has provided for the child's emotional and financial needs (*see generally Loren B.*, 13 AD3d at 1001; *Parliament*, 266 AD2d 217).

Entered:  February 18, 2011                      Patricia L. Morgan
                                                 Clerk of the Court