■ In the Matter of Kinara C. Administration for Children's Services, Respondent; Jerome C., Appellant. [932 NYS2d 169]—

At a fact-finding hearing in an abuse and/or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was abused and/or neglected (see Family Ct Act § 1046 [b] [i]; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027 [2011]; Matter of Mariah C. [Frey C.-M.], 84 AD3d 1372 [2011]). Contrary to the father's contention, the Family Court's determination that he had neglected the subject child was supported by a preponderance of the evidence. Family Court Act § 1012 defines a neglected child as, inter alia, a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate . . . medical . . . care, though financially able to do so" (Family Ct Act § 1012 [f] [i] [A]). Here, the evidence produced at the fact-finding hearing established that the child's physical condition was impaired, or placed in imminent danger of becoming impaired, by the father's failure to assist the child in monitoring her diabetes and administering her insulin medication, after he had been repeatedly advised by medical professionals that the child needed supervision in these tasks to ensure her compliance with the prescribed medical regimen (see Matter of Jamiar W. [Malipeng W.], 84 AD3d 1386, 1387 [2011]; Matter of John H.M., 54 AD3d 763, 764 [2008]; Matter of Andrei S., 47 AD3d 721 [2008]; Matter of William AA., 24 AD3d 1125, 1126 [2005]; Matter of LeVonn G., 20 AD3d 530, 530-531 [2005]). Furthermore, the Family Court's finding of neglect was supported by the evidence, which demonstrated that the father permitted the child to miss 8 of 21 medical appointments for the management of her diabetes between July 2008 and March 2009, during which time she was caused to be hospitalized on three occasions because of elevated blood glucose levels (see Matter of Notorious YY., 33 AD3d 1097, 1098 [2006]; Matter of Amanda M., 28 AD3d 813, 815 [2006]; Matter of Joyce SS., 234 AD2d 797, 799 [1996]; cf. Matter of Elijah Q., 36 AD3d 974, 976 [2007]). The allegations of neglect were further corroborated by evidence establishing that the father failed to ensure that the child's prescribed medication and diabetic monitoring devices were available for her use (cf. Matter of Elijah Q., 36 AD3d at 976; cf. also Matter of Annastasia C. [Carol C.], 78 AD3d 1579, 1581 [2010]).

Contrary to the father's contention, he was not prejudiced by the Family Court's decision to incorporate into the fact-finding hearing the evidence adduced at a prior hearing, held pursuant to Family Court Act § 1028 (hereinafter the 1028 hearing), such that reversal of the finding of neglect is warranted. Initially, the

father is correct that the Family Court erred in incorporating into the fact-finding hearing the testimony from the 1028 hearing, without first determining that the witnesses were unavailable (*see* CPLR 4517 [a] [3]; *Matter of Dillon S.*, 249 AD2d 984 [1998]; *Matter of Raymond J.*, 224 AD2d 337, 337-338 [1996]; *Matter of Christina A.*, 216 AD2d 928 [1995]; *see also Matter of N. Children [Angela N.]*, 86 AD3d 572, 573 [2011]). However, since the evidence produced at the fact-finding hearing was sufficient, standing alone, to support the Family Court's finding of neglect, the error was not prejudicial to the father and, therefore, does not require reversal (*see generally Matter of Beth M. v Susan T.*, 81 AD3d 1396, 1396-1397 [2011]; *Matter of Mingo v Belgrave*, 69 AD3d 859, 860 [2010]; *Matter of Taylor v Taylor*, 62 AD3d 1015, 1016 [2009]).

Furthermore, the Family Court providently exercised its discretion in denying the application of the father's attorney for an adjournment of the fact-finding hearing. Family Court Act § 1048 (a) provides, in relevant part, that "[t]he court may adjourn a fact-finding hearing . . . for good cause shown . . . on motion of . . . the parent or other person legally responsible for the care of the child." "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Steven B.*, 6 NY3d 888, 889 [2006]), upon "a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651 [2006]; *see Matter of Latrell S. [Christine K.]*, 80 AD3d 618, 619 [2011]; *Matter of Venditto v Davis*, 39 AD3d 555 [2007]). Here, the Family Court providently exercised its discretion in denying the application for an adjournment as the father's attorney failed to offer any explanation for the father's absence on the final two days of the fact-finding hearing (*see Matter of Sanaia L. [Corey W.]*, 75 AD3d 554, 555 [2010]; *Matter of Dakota B. [Brigitta B.]*, 73 AD3d 763 [2010]; *Matter of Holmes v Glover*, 68 AD3d 868, 869 [2009]). Rivera, J.P., Eng, Belen and Austin, JJ., concur.