# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**322**

**CAF 13-00097**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF DENVER KOMENDA,
PETITIONER-APPELLANT,

            V                MEMORANDUM AND ORDER

SAMANTHA DININNY, RESPONDENT-RESPONDENT.
(PROCEEDING NO. 1.)
---------------------------------------------
IN THE MATTER OF EMMA DIRRE, PETITIONER,

            V

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
RESPONDENT.
(PROCEEDING NO. 2.)
---------------------------------------------
IN THE MATTER OF EMMA DIRRE,
PETITIONER-RESPONDENT,

            V

DENVER KOMENDA, RESPONDENT-APPELLANT.
(PROCEEDING NO. 3.)

---

MINDY L. MARRANCA, BUFFALO, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

JENNIFER M. LORENZ, LANCASTER, FOR RESPONDENT-RESPONDENT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT.

FRANCIS W. TESSEYMAN, JR., ORCHARD PARK, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

     Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered October 22, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded custody of Denver Komenda's son to Emma Dirre.

     It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from an order granting sole custody of the subject child to petitioner-respondent (petitioner), a nonparent, respondent-appellant father contends that there was no showing of extraordinary circumstances.  We reject that contention.  It is well settled that, "as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *see Matter of Howard v McLoughlin*, 64 AD3d 1147, 1147).  Here, the record establishes that the father had a history of alcohol, substance, and prescription drug abuse; that he used heroin during the period of time that he had custody of the subject child; and that he ultimately lost custody of the child due to his drug use (*see Matter of Beth M. v Susan T.*, 81 AD3d 1396, 1397; *Matter of Pamela S.S. v Charles E.*, 280 AD2d 999, 1000).  At the time of the hearing, the father had custody of a teenage son from another relationship, and he admitted that his son also had substance abuse issues.  Despite a court order granting him weekly visitation, the father visited the subject child only three or four times during a nearly two-year period (*see Matter of Campbell v January*, 114 AD3d 1176).  Further, the child has significant mental health issues, and the father "demonstrated that he has no interest in learning about the child's conditions and needs and how to treat them" (*id.* at ___).  Contrary to the further contention of the father, we conclude that the record supports Family Court's determination that the award of custody to petitioner is in the best interests of the child (*see Pamela S.S.*, 280 AD2d at 1000).  The record reflects, among other things, that petitioner has provided the child with a safe and stable home environment, that the child is doing well in petitioner's care, and that the child enjoys a close and loving relationship with his half sister, who also resides with petitioner (*see Matter of James GG. v Bamby II.*, 85 AD3d 1227, 1228; *Matter of Fynn S.*, 56 AD3d 959, 961-962; *Gary G.*, 248 AD2d at 982).

The father's challenges to the temporary order of removal are not properly before us inasmuch as he ultimately consented to the child's placement with petitioner (*see Matter of Guck v Prinzing*, 100 AD3d 1507, 1508, *lv denied* 21 NY3d 851; *see generally Matter of Violette K. [Sheila E.K.]*, 96 AD3d 1499, 1499; *Matter of Fox v Coleman*, 93 AD3d 1187, 1187).  In any event, even assuming, arguendo, that the court erred in awarding temporary custody of the child to petitioner, we conclude that "there [would be] no need to reverse on that basis because the court subsequently conducted a full custody hearing[,] . . . [and t]he record does not support the contention of [the father] that he was prejudiced by the temporary order" (*Matter of Heintz v Heintz*, 275 AD2d 971, 971-972; *see Matter of Vieira v Huff*, 83 AD3d 1520, 1521; *Matter of Owens v Garner*, 63 AD3d 1585, 1585-1586).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court