# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**175**

**CAF 15-00427**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF CHLOE W.
-----------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL        MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

AMY W., RESPONDENT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, LITTLE VALLEY, FOR PETITIONER-RESPONDENT.

PAMELA THIBODEAU, ATTORNEY FOR THE CHILD, WILLIAMSVILLE.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered February 5, 2015 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child and placed the child in the custody of petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Cattaraugus County, for a new hearing on the petition.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, determined that she had neglected the subject child and placed the child in the custody of petitioner. Initially, we reject the mother's contention that Family Court lacked subject matter jurisdiction over the petition under the Uniform Child Custody Jurisdiction and Enforcement Act, which is codified in Domestic Relations Law article 5-A. Shortly before the subject child was born, the mother relocated from New York to Pennsylvania, where she stayed with a cousin until the child was born. Two days after the child was born, petitioner commenced this neglect proceeding. We conclude that the court properly exercised jurisdiction over the petition on the ground that "the child and [her] family have a significant connection with New York" (*Mazur v Mazur*, 207 AD2d 61, 66, *lv denied* 85 NY2d 803). We note in particular that the mother maintained an apartment in New York while she was at her cousin's residence, that she attended mental health counseling and parenting classes in New York before the child was born, and that most of her family resides in New York.

     We agree with the mother, however, that the court erred in admitting into evidence at the fact-finding hearing a 2012 evaluation of the mother by a forensic psychologist who did not testify at the hearing.  The report constitutes hearsay (*see Matter of Berrouet v Greaves*, 35 AD3d 460, 461) and, contrary to petitioner's contention, it did not qualify for admission under Family Court Act § 1046 (a) (iv).  We further conclude that the error cannot be deemed harmless given that the court quoted extensively from the report in its decision and that the determination of neglect was based largely on findings contained within the report (*see Matter of Dillon S.*, 249 AD2d 984, 984; *Matter of Raymond J.*, 224 AD2d 337, 337-338).  We therefore reverse the order and remit the matter to Family Court for a new fact-finding hearing.

     In light of our determination, we need not address the mother's remaining contentions.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court