■ In the Matter of VICTORIA THOMAS, Respondent, v JECARL ARMSTRONG et al., Respondents, and ROSETTA BRYANT, Appellant. [40 NYS3d 833]—

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), dated June 24, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted custody of the parties' children to petitioner with supervised visitation to respondent Rosetta Bryant.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court

Act article 6, respondent mother appeals from an order that granted custody of the subject children to petitioner, the children's maternal grandmother, with supervised visitation to the mother. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Contrary to the mother's sole contention on appeal, we conclude that the grandmother met her burden of establishing the existence of extraordinary circumstances. The record establishes that the mother suffers from ongoing and chronic mental health issues, "which she has failed to address adequately" (*Matter of Johnson v Streich-McConnell*, 66 AD3d 1526, 1527 [2009]; *see generally Matter of Beth M. v Susan T.*, 81 AD3d 1396, 1397 [2011]; *Matter of Brault v Smugorzewski*, 68 AD3d 1819, 1819 [2009]). The mother also has a history of alcohol abuse (*see Matter of Komenda v Dininny*, 115 AD3d 1349, 1350 [2014]; *Beth M.*, 81 AD3d at 1397), as well as a history of " 'persistent neglect of the child[ren]'s health and well-being' " (*Matter of Barnes v Evans*, 79 AD3d 1723, 1723-1724 [2010], *lv denied* 16 NY3d 711 [2011]). The evidence in the record establishes that the mother's issues resulted in an "unfortunate [and] involuntary disruption of custody over an extended period of time" (*Bennett*, 40 NY2d at 546). Present— Peradotto, J.P., Lindley, NeMoyer and Scudder, JJ.