# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**921**
**CAF 15-01298**
PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF VICTORIA THOMAS,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

JECARL ARMSTRONG, ET AL., RESPONDENTS,
AND ROSETTA BRYANT, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF
COUNSEL), FOR RESPONDENT-APPELLANT.

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF
COUNSEL), FOR PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Joseph
G. Nesser, J.), dated June 24, 2015 in a proceeding pursuant to Family
Court Act article 6.  The order, inter alia, granted custody of the
parties' children to petitioner with supervised visitation to
respondent Rosetta Bryant.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Family Court Act
article 6, respondent mother appeals from an order that granted
custody of the subject children to petitioner, the children's maternal
grandmother, with supervised visitation to the mother.  "It is well
established that, as between a parent and a nonparent, the parent has
a superior right to custody that cannot be denied unless the nonparent
establishes that the parent has relinquished that right because of
'surrender, abandonment, persisting neglect, unfitness or other like
extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248
AD2d 980, 981, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543,
544).  Contrary to the mother's sole contention on appeal, we conclude
that the grandmother met her burden of establishing the existence of
extraordinary circumstances.  The record establishes that the mother
suffers from ongoing and chronic mental health issues, "which she has
failed to address adequately" (*Matter of Johnson v Streich-McConnell*,
66 AD3d 1526, 1527; *see generally Matter of Beth M. v Susan T.*, 81
AD3d 1396, 1397; *Matter of Brault v Smugorzewski*, 68 AD3d 1819, 1819).
The mother also has a history of alcohol abuse (*see Matter of Komenda
v Dininny*, 115 AD3d 1349, 1350; *Beth M.*, 81 AD3d at 1397), as well as

a history of " 'persistent neglect of the child[ren]'s health and well-being' " (*Matter of Barnes v Evans*, 79 AD3d 1723, 1723-1724, *lv denied* 16 NY3d 711).  The evidence in the record establishes that the mother's issues resulted in an "unfortunate [and] involuntary disruption of custody over an extended period of time" (*Bennett*, 40 NY2d at 546).