Matter of Martinez-Saroff v Martinez-Saroff (2019 NY Slip Op 05457)





Matter of Martinez-Saroff v Martinez-Saroff


2019 NY Slip Op 05457


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


532 CAF 18-00023

[*1]IN THE MATTER OF MARLYN MARTINEZ-SAROFF, AND DAVID SAROFF, PETITIONERS-RESPONDENTS,
v
KYLA MARTINEZ-SAROFF, RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
LAW OFFICE OF REBECCA J. TALMUD, WILLIAMSVILLE (REBECCA J. TALMUD OF COUNSEL), FOR PETITIONERS-RESPONDENTS.
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered November 21, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioners custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted custody of the subject child to petitioners, the child's maternal grandparents, with visitation to the mother. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). Here, contrary to the mother's sole contention on appeal, we conclude that Family Court properly determined that petitioners met their burden of proving the existence of extraordinary circumstances and, thus, that they had standing to seek custody of the child (see Matter of Thomas v Armstrong, 144 AD3d 1567, 1568 [4th Dept 2016], lv denied 28 NY3d 916 [2017]; Matter of Thomas v Small, 142 AD3d 1345, 1345 [4th Dept 2016]; Matter of Van Dyke v Cole, 121 AD3d 1584, 1585-1586 [4th Dept 2014]; Matter of Braun v Decicco, 117 AD3d 1453, 1454 [4th Dept 2014], lv denied in part and
dismissed in part 24 NY3d 927 [2014]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court