Matter of Louie L. V. (Virzhiniya T. V.) (2019 NY Slip Op 07592)





Matter of Louie L. V. (Virzhiniya T. V.)


2019 NY Slip Op 07592


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-05086
 (Docket No. N-24416-16)

[*1]In the Matter of Louie L. (Anonymous). Administration for Children's Services, respondent; Virzhiniya T. V. (Anonymous), appellant.


 Lewis S. Calderon, Jamaica, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Fay Ng and Carolyn Walther of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Judith D. Waksberg, J.), dated March 28, 2018. The order of disposition, upon a finding that the mother neglected the subject child, made after a fact-finding hearing, placed the mother under the supervision of the Administration for Children's Services and directed that her parental access with the child be supervised.
ORDERED that the order of disposition is reversed, on the law, without costs or disbursements, the finding of neglect is vacated, and the matter is remitted to the Family Court, Kings County, for a new fact-finding hearing consistent herewith and a new determination thereafter; and it is further,
ORDERED that pending the new hearing and determination, or further order of the Family Court, Kings County, the mother's parental access shall remain supervised.
The subject child was removed from the mother's custody and placed with the father after the Administration for Children's Services (hereinafter ACS) filed a neglect petition alleging that the mother used excessive corporal punishment on the child. The Family Court temporarily placed the child in the father's custody and directed supervised parental access with the mother. The mother filed a petition for the return of the child pursuant to Family Court Act § 1028. After a hearing, the court, although finding that the child's life or health would not be at imminent risk if he were to be returned to his mother's care, nonetheless determined that it would be in the child's best interests to remain in the father's custody, and that the mother would have therapeutic supervised parental access with the child. During the fact-finding hearing on the neglect petition, and over the mother's objection, the court admitted into evidence as part of ACS's direct case the transcripts of the testimony from the prior hearing held pursuant to Family Court Act § 1028. In an [*2]order of disposition dated March 28, 2018, the Family Court, upon its finding that the mother neglected the child, placed the mother under the supervision of ACS and directed that her parental access with the child be supervised. The mother appeals.
Family Court Act § 1028 permits a parent to apply for the return of a child who has been temporarily removed from the custody of the parent pending the fact-finding hearing on the issue of abuse or neglect (see Matter of Kristina R., 21 AD3d 560, 562). "[A] section 1028 hearing is intended to give a parent an opportunity for a prompt reunion with the child, pending trial" (Matter of Kristina R., 21 AD3d at 562 [internal quotation marks omitted]). In analyzing an application for a child's return under Family Court Act § 1028, a court must engage in a test balancing the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal (see Nicholson v Scoppetta, 3 NY3d 357, 380). Section 1028 hearings, however, were not intended to replace fact-finding hearings, as the evidentiary standards are different. Family Court Act § 1046 provides that "only competent, material and relevant evidence may be admitted" at a fact-finding hearing, whereas evidence "[i]n a dispositional hearing and during all other stages of a proceeding under" Family Court Act article 10 need only be "material and relevant" (Family Ct Act § 1046[b][iii]; [c]). A determination on an application pursuant to section 1028 "should not be taken as any indication of what ultimate determination should be made by the Family Court as to [a] petition alleging abuse and neglect" (Matter of Angela D., 154 AD2d 567, 568). "At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence" (Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857; see Family Ct Act § 1046[b][i]).
CPLR 4517, which governs the admissibility of prior testimony in a civil action, is applicable here (see Family Ct Act § 165), as the Family Court Act does not prescribe the issue of whether testimony from a prior hearing pursuant to Family Court Act article 10 may be admitted into evidence on the petitioner's direct case in a fact-finding hearing. Pursuant to CPLR 4517(a)(3), prior trial testimony of a witness may be used by any party for any purpose against another party if the court finds that such witness is dead or otherwise unavailable. In this matter, the Family Court made no such finding.
Here, the Family Court should not have admitted into evidence at the fact-finding hearing transcripts of testimony from the hearing conducted pursuant to Family Court Act § 1028. As ACS now correctly concedes, the caseworker's testimony at the prior hearing, which included hearsay statements, actually formed the basis of the court's neglect finding at the subsequent fact-finding hearing. Thus, the court's error in admitting the prior testimony into evidence on ACS's direct case without first determining that the witness was unavailable prejudiced the mother and cannot be deemed harmless (see Matter of Dillon S., 249 AD2d 984; Matter of Raymond J., 224 AD2d 337, 337-338; cf. Matter of Delehia J. [Tameka J.], 93 AD3d 668, 670; Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841).
In light of our determination, we need not consider the mother's remaining contention.
Accordingly, we reverse the order of disposition, vacate the finding of neglect, and remit the matter to the Family Court, Kings County, for a new fact-finding hearing consistent herewith and a new determination thereafter.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court