Matter of Shelley v Testa (2019 NY Slip Op 08050)





Matter of Shelley v Testa


2019 NY Slip Op 08050


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


984 CAF 18-00723

[*1]IN THE MATTER OF HEATHER SHELLEY, PETITIONER-RESPONDENT,
v
VINCENT TESTA, RESPONDENT-RESPONDENT, AND LISA BELL, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (CHRISTOPHER J. LATTUCA OF COUNSEL), FOR PETITIONER-RESPONDENT. 
BETH A. LOCKHART, NORTH SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered March 30, 2018 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondents are the biological parents of a child, and petitioner is the father's ex-girlfriend. Petitioner commenced this proceeding seeking custody of respondents' child. Family Court granted the petition and awarded the mother supervised visitation. The mother appeals. We affirm.
Contrary to the mother's contention, petitioner established the "extraordinary circumstances" necessary to warrant an inquiry into whether an award of custody to a nonparent was in the child's best interests (Matter of Howard v McLoughlin, 64 AD3d 1147, 1147 [4th Dept 2009]; see also Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1200-1202 [3d Dept 2018]; Matter of Komenda v Dininny, 115 AD3d 1349, 1350 [4th Dept 2014]; Matter of Barnes v Evans, 79 AD3d 1723, 1723-1724 [4th Dept 2010], lv denied 16 NY3d 711 [2011]). Contrary to the mother's further contention, the court properly determined that the child's best interests were served by awarding petitioner custody (see Matter of Evelyn EE. v Ayesha FF., 143 AD3d 1120, 1128 [3d Dept 2016], lv denied 28 NY3d 913 [2017]; Matter of Wilson v Hayward, 128 AD3d 1475, 1477 [4th Dept 2015], lv denied 26 NY3d 909 [2015]; see also Matter of Tennant v Philpot, 77 AD3d 1086, 1089 [3d Dept 2010]). Finally, although the better practice here would have been to set a specific and definitive schedule for the supervised visitation between the mother and child (see Matter of Edmonds v Lewis, 175 AD3d 1040, 1043 [4th Dept 2019]), we decline to remit the matter to Family Court to fashion such a schedule given the unique circumstances of this case, which include the mother's abandonment of a subsequent petition and her failure to avail herself of the visitation afforded her.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court