Matter of Johnson v Wellington (2020 NY Slip Op 04280)





Matter of Johnson v Wellington


2020 NY Slip Op 04280


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


728 CAF 18-01128

[*1]IN THE MATTER OF SUSAN JOHNSON, PETITIONER-RESPONDENT,
v
LATIKA WELLINGTON, RESPONDENT-APPELLANT, AND EVAN JOHNSON, RESPONDENT-RESPONDENT. 






TIMOTHY R. LOVALLO, BUFFALO, FOR RESPONDENT-APPELLANT. 
DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered May 7, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order granting sole custody of the subject child to petitioner, who is the child's paternal grandmother (grandmother), respondent mother contends that there was no showing of extraordinary circumstances warranting an inquiry into whether an award of custody to a nonparent is in the child's best interests. We reject that contention.
It is well settled that, "as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; see Matter of Howard v McLoughlin, 64 AD3d 1147, 1147 [4th Dept 2009]).
Here, the record established that the mother relinquished her superior right to custody through her persistent neglect of the child and because she voluntarily abandoned custody of the child to the grandmother. The evidence adduced at the fact-finding hearing established that the mother has "failed either to maintain substantial, repeated and continuous contact with [the] child or to plan for the child's future" (Matter of Suarez v Williams, 26 NY3d 440, 450 [2015] [internal quotation marks omitted]; see Matter of Barnes v Evans, 79 AD3d 1723, 1723-1724 [4th Dept 2010]; cf. Matter of Ferguson v Skelly, 80 AD3d 903, 905 [3d Dept 2011], lv denied 16 NY3d 710 [2011]). Family Court's determination to credit the grandmother's testimony over the mother's in determining the existence of extraordinary circumstances is entitled to great deference and we see no reason to disturb that credibility determination (see Matter of Miner v Torres, 179 AD3d 1490, 1491 [4th Dept 2020]).
Here, the record establishes that, since she left the family home and ceased caring for the child, the mother has only sporadically visited the child, has not communicated with the grandmother about the child or his care, does not provide financial support for the child, and has not stayed informed about the child's health and education. The evidence at the hearing also established that the grandmother has provided the child with a safe and stable home environment, which the mother has not been able to replicate. Indeed, the evidence showed that the mother does not have adequate supplies for the child and does not know the child's clothing size (see Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1200-1202 [3d Dept 2018]; Matter of DellaPiana v DellaPiana, 161 AD3d 1228, 1229 [3d Dept 2018]; Matter of Diane FF. v Faith [*2]GG., 291 AD2d 671, 672 [3d Dept 2002]). Thus, the court properly determined that the grandmother met her burden of establishing that extraordinary circumstances existed (see Matter of Komenda v Dininny, 115 AD3d 1349, 1350 [4th Dept 2014]). The mother does not challenge the merits of the court's determination that the child's best interests are served by awarding sole custody to the grandmother.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court