■ In the Matter of ASHLEY W., Appellant. VERDELE F., Appellant. (Proceeding No. 1.) In the Matter of WRENGGOR W., Appellant. VERDELE F., Appellant. (Proceeding No. 2.) [925 NYS2d 551]—

In related guardianship proceedings pursuant to Family Court Act article 6, the subject children, Ashley W. and Wrenggor W., and Verdele F., the paternal aunt of the subject children, appeal from an order of the Family Court, Nassau County (Zimmerman, J.), dated November 5, 2010, which, without a hearing, denied the petitions for the appointment of Verdele F. as the guardian of both of the subject children and, without a hearing, denied the motion of the subject children for the issuance of an order declaring that they are dependent on the Family Court and making specific findings that they are unmarried and under 21 years of age, that reunification with one or both of their parents is not viable due to parental abuse, neglect, abandon-

ment, or a similar basis under state law, and that it would not be in their best interests to be returned to their previous country of nationality or last habitual residence, so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the appeal by Verdele F. is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is reversed on the appeal by Ashley W. and Wrenggor W., on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing and new determination thereafter on the petitions for guardianship, and, thereafter, a hearing and new determination on the motion for the issuance of an order making the requisite declaration and specific findings, if warranted.

Brother and sister Wrenggor W. and Ashley W. (hereinafter together the children) are natives of Haiti who are under 21 years of age and unmarried. Their childhood home was destroyed by last year's devastating earthquake, and the children have lived with their paternal aunt (hereinafter the aunt) and her husband (hereinafter the uncle) since March 2010. The children's parents remain in Haiti, where they have no means of support and are homeless.

On April 30, 2010, the aunt filed petitions seeking appointment as guardian of both children. Wrenggor, who had recently turned 18, consented to the proposed appointment (see Family Ct Act § 661 [a]), and the aunt maintains that the children's parents have also consented to both proposed appointments. Following a home study, a licensed social worker and licensed family therapist both opined that the aunt's home was a suitable placement for the children.

On August 31, 2010, both children moved for the issuance of an order making the requisite declaration and specific findings, so as to enable them to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The petitions and motion were unopposed.

A background check directed by the Family Court reflects that the uncle pleaded guilty to endangering the welfare of a child in 1997. The record further reveals that the uncle was sentenced to a one-year conditional discharge, served no jail time, and obtained a certificate of relief from disabilities, excluding the right to be eligible for public office.

Without a hearing, the Family Court denied the guardianship

petitions due to the uncle's conviction, and stated that either a different individual could apply to be the children's guardian, or that the aunt could reapply if the uncle no longer resided in her home. In light of its determination regarding the guardianship petitions, the Family Court denied the children's motion for the issuance of the order making the declaration and specific findings, without addressing the merits. The aunt and the children appeal. The aunt has not filed a brief. We reverse the order on the appeal by the children.

The Family Court erred in denying the guardianship petitions without a hearing. When considering guardianship appointments, the infant's best interests is paramount (see SCPA 1707 [1]; Matter of Stuart, 280 NY 245, 250 [1939]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 794 [2010]). The uncle's criminal record is not an automatic bar to the granting of the aunt's petitions (see Matter of Ronald F. v Lawrence G., 181 Misc 2d 760, 766-767 [1999]; cf. Matter of Michael JJ., 200 AD2d 80, 81-83 [1994]; Matter of Donald U., 105 AD2d 875, 875-876 [1984]), and the order appealed from is devoid of any references to the children's best interests.

Accordingly, the matter must be remitted to the Family Court, Nassau County, for a hearing and new determination on the guardianship petitions. A hearing on the children's motion for an order of special findings should be held thereafter, if warranted, as the children may be able to satisfy one of the prerequisites for obtaining such an order based on the new determination regarding guardianship. More specifically, if the guardianship petitions are granted, the children will be able to establish their dependency on a juvenile court (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Jisun L. v Young Sun P., 75 AD3d 510, 512 [2010]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795; Matter of Antowa McD., 50 AD3d 507 [2008]). At the hearing on the guardianship petitions, the parties may supplement the record to include additional documents reflecting the alleged consent of the children's parents to the proposed appointments of a guardian, as only one of four consent forms was included in the record provided to this Court. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.