In a proceeding pursuant to Family Court Act article 6 for the appointment of the petitioner, Francisco M.-G., as the guardian of Jason J. M.-G., a person under 21 years of age, the petitioner appeals, and Jason J. M.-G. and Marcelina M.-G. each separately appeal, from an order of the Family Court, Westchester County (Klein, J.), entered November 4, 2011, which, without a hearing, denied the motion of Jason J. M.-G. for the issuance of an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interest to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and, sua sponte, dismissed the petition for the appointment of the petitioner as the guardian of Jason J. M.-G.
Ordered that the appeal by Marcelina M.-G. is dismissed, without costs or disbursements, as she is not aggrieved by the order appealed from (see CFLR 5511); and it is further,
Ordered that the order is reversed on the appeals by the petitioner and Jason J. M.-G., on the law, without costs or disbursements, the guardianship petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for a hearing before a different Judge and new determination thereafter on the petition for the appointment of the petitioner as *901 the guardian of Jason J. M.-G., and, thereafter, if warranted, a hearing and a new determination on the motion for the issuance of an order making the requisite declaration and specific findings.
Jason J. M.-G. is a native of Honduras, is under 21 years of age, and is unmarried. He and his older sister entered the United States in 2008 and, since that time, he has been living with his uncle, Francisco M.-G. Although Jason visits regularly with his mother, who is also in the United States, she allegedly is unable to financially support him, and does not function as his caretaker. Jason has never known his father, who abandoned him at birth.
On December 17, 2009, Francisco filed a petition, seeking to be appointed Jason’s guardian. In conjunction with the petition, Jason moved for the issuance of an order making the requisite declaration and specific findings to enable him to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The petition and motion were unopposed. The Family Court, sua sponte, dismissed the petition without conducting a hearing, and thereafter denied the motion without conducting a hearing.
The Family Court erred in dismissing the guardianship petition without conducting a hearing. When considering guardianship appointments, the infant’s best interest is paramount (see SCPA 1707 [1]; Matter of Stuart, 280 NY 245, 250 [1939]; Matter of Ashley W. [Verdete F], 85 AD3d 807 [2011]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 794 [2010]). The fact that the mother lives in the United States and maintains contact with Jason is not an automatic bar to the granting of Francisco’s petition, as it has been alleged that the mother voluntarily relinquished control of Jason, does not support him financially, and has, at certain times, shown little concern for his safety and well-being (see Matter of Garrett D. v Kevin L., 56 AD3d 1183 [2008]; Matter of Dellolio v Tracy, 35 AD3d 737 [2006]; Matter of Vincent A.B. v Karen T., 30 AD3d 1100, 1101 [2006]; Matter of Ruggieri v Bryan, 23 AD3d 991, 992 [2005]).
Accordingly, the matter must be remitted to the Family Court, Westchester County, for a hearing and new determination on the guardianship petition. A hearing on Jason’s motion for an order of special findings, as required by Federal law, should be held thereafter, if warranted, as Jason may be able to satisfy the prerequisites for obtaining such an order based on the new determination regarding guardianship {see 8 USC § 1101 [a] [27] [J] [i]; Matter of Ashley W [Verdele F], 85 AD3d 807 [2011]; *902 Matter of Jisun L. v Young Sun P., 75 AD3d 510, 512 [2010]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795). In light of certain remarks made by the Family Court Judge, indicating that he was predisposed to deny motions, such as Jason’s, for an order making such special findings, we deem it appropriate that the matter be heard and determined by a different Judge. Skelos, J.E, Dickerson, Hall and Roman, JJ., concur.