■ In the Matter of JUANA A.C.S. et al., Appellants, v DAGOBERTO D., Respondent. [979 NYS2d 842]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioners, Juana A.C.S. and Marlon F.G., appeal from an order of the Family Court, Nassau County (Aaron, J.), dated January 16, 2013, which, without a hearing, denied the motion of Marlon F.G. for the issuance of an order declaring that the subject child, Fernando J.C.S., is dependent on the Family Court and making special findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interests to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and dismissed the guardianship petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the guardianship petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing and new determination of the guardianship petition, and, thereafter, if warranted, a hearing and a new determination of the motion for the issuance of an order making the requisite declaration and special findings.

The Family Court erred in dismissing the petition of Juana A.C.S. (hereinafter the mother) and her companion, Marlon F.G., seeking to be appointed as coguardians of the mother's natural child. A natural parent may be appointed as guardian of his or her own child (*see Matter of Marisol N.H.*, 115 AD3d 185 [2014] [decided herewith]; SCPA 1703). Here, the mother has alleged that appointing her as guardian would be in the best interests of the child, since it would enable the child to apply for special immigrant juvenile status (hereinafter SIJS) (*see Matter of Marisol N.H.*, 115 AD3d 185 [2014] [decided herewith]). According to the mother's submissions, the father has abandoned the child, and, without SIJS, the child may be returned to Honduras where there is no one to support him.

Accordingly, since the Family Court dismissed the guardianship petition without conducting a hearing or considering the child's best interests, the matter must be remitted to the Family Court, Nassau County, for a hearing and new determination of the guardianship petition thereafter (*see Matter of Francisco M.-G. v Marcelina M.-G.*, 100 AD3d 900, 901 [2012]; *Matter of Ashley W. [Verdele F.]*, 85 AD3d 807, 809 [2011]). A hearing on the motion for an order making the requisite declaration and special findings, as required by federal law in support of an ap-

plication for SIJS, should be held thereafter, if warranted (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Francisco M.-G. v Marcelina M.-G.*, 100 AD3d at 901). Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.