*678 In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Eisman, J.), dated December 13, 2012, which, without a hearing, dismissed the guardianship petition.
Ordered that the order is reversed, on the law, without costs or disbursements, the guardianship petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for an expedited hearing and determination of the petition thereafter.
The Family Court erred in dismissing the petition in which Maria E.S.G. sought to be appointed as guardian of her natural child. A natural parent may be appointed as guardian of his or her own child (see Matter of Marisol N.H., 115 AD3d 185 [2014] [decided herewith]; SCPA 1703). Here, the petitioner has alleged that appointing her as guardian would be in the best interests of the child since it would enable the child to apply for special immigrant juvenile status (hereinafter SUS) (see Matter of Marisol N.H., 115 AD3d 185 [2014] [decided herewith]). According to the petitioner’s submissions, the child’s father has abandoned the child, and, without SIJS, the child may be returned to El Salvador where gang members have threatened her and no one is there to support or protect her.
Accordingly, since the Family Court dismissed the subject petition without conducting a hearing or considering the best interests of the child, the matter must be remitted to the Family Court, Nassau County, for an expedited hearing and determination of the guardianship petition thereafter (see Matter of Francisco M.-G. v Marcelina M.-G., 100 AD3d 900, 901 [2012]; Matter of Ashley W. [Verdele F.], 85 AD3d 807, 809 [2011]). Mastro, J.E, Rivera, Leventhal and Chambers, JJ., concur.