In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Singer, J.), dated July 2, 2013, which, after a hearing, in effect, denied her motion for the issuance of an order declaring that the subject child, Maura A.R.-R., is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in her best interests to be returned to her previous country of nationality or last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and dismissed the guardianship petition.
Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated and granted, the mother is appointed as the guardian of Maura A.R.-R., the motion is granted, it is declared that Maura A.R.-R. is dependent on a juvenile court, and it is found that Maura A.R.-R. is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abuse, neglect, and abandonment, and that it would not be in the best interests of Maura A.R.-R. to return to El Salvador, her previous country of nationality and last habitual residence.
In September 2012, Santos F.R. (hereinafter the mother) filed a petition pursuant to Family Court Act article 6 to be appointed guardian of her daughter, Maura A.R.-R. (hereinafter the child), *688 for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with her father is not viable due to abandonment, and that it would not be in her best interests to be returned to El Salvador, her previous country of nationality and last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In May 2013, the mother moved for the issuance of an order making the requisite declaration and special findings to enable the child to petition for SIJS. In an order dated July 2, 2013, made after a hearing, the Family Court, in effect, denied the motion and dismissed the proceeding on the grounds that there was “no proof or need shown for an order of guardianship,” and there was no showing that the child “cannot return to El Salvador.” The mother appeals, and we reverse.
The Surrogate’s Court Procedure Act (hereinafter SCPA), which is applicable to determinations regarding the guardianship of the person of a minor or infant to the extent it does not conflict with the Family Court Act (see Family Ct Act § 661 [a]), broadly defines a “guardian” as “\a\ny person to whom letters of guardianship have been issued by a court of this state” (SCPA 103 [24] [emphasis added]), and permits “any person” to file a guardianship petition on the infant’s behalf (SCPA 1703). Further, there is no restriction as to who may qualify as a guardian under the Family Court Act, which permits the appointment of a guardian for “a person who is less than twenty-one years old who consents to the appointment or continuation of a guardian after the age of eighteen” (Family Ct Act § 661 [a]). Thus, the fact that the petitioner was the child’s mother was not an automatic bar to the granting of her petition (see Matter of Marisol N.H., 115 AD3d 185 [2014] [decided herewith]; Matter of Maria E.S.G. v Jose C.G.L., 114 AD3d 677 [2014] [decided herewith]; Matter of Juana A.C.S. v Dagoberto D., 114 AD3d 689 [2014] [decided herewith]; Matter of Maria G.G.U. v Pedro H.P., 114 AD3d 691 [2014] [decided herewith]).
“When considering guardianship appointments, the infant’s best interests are paramount” (Matter of Denys O.H. v Vilma A.G., 108 AD3d 711, 712 [2013]). “The ‘appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court’ for special immigrant juvenile status purposes,” which would enable the child to obtain lawful permanent residency in the United States (Matter of Trudy-Ann W. v Joan *689 W., 73 AD3d 793, 795 [2010], quoting Matter of Antowa McD., 50 AD3d 507, 507 [2008]). “Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile’s parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law (see 8 USC § 1101 [a] [27] [J] [i]), and that it would not be in the juvenile’s best interest to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6])” (Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795 [citation omitted]).
Based upon our independent factual review, we find that the child’s best interests would be served by the appointment of the mother as her guardian (see Matter of Stuart, 280 NY 245, 250 [1939]; Matter of Francisco M.-G. v Marcelina M.-G., 100 AD3d 900, 901 [2012]; Matter of Alamgir A., 81 AD3d 937, 939 [2011]). As such, the child is dependent on the Family Court. We further find that the record fully supports the mother’s contention that, because the child’s father abandoned her, reunification with her father is not a viable option (see Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619 [2013]; Matter of Karen C., 111 AD3d 622 [2013]; Matter of Mohamed B., 83 AD3d 829, 832 [2011]). Lastly, the record, which includes affidavits from the child, .reflects that it would not be in the child’s best interests to be returned to El Salvador.
Thus, the Family Court erred by, in effect, denying the mother’s motion for the issuance of an order making the requisite declaration and special findings so as to enable the child to petition for SUS and dismissing the guardianship petition. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we now grant the guardianship petition and declare that the child is dependent on a juvenile court, and we find that the child is unmarried and under 21 years of age, that reunification of the child with one or both of her parents is not viable due to parental abuse, neglect, and abandonment, and that it would not be in the best interests of the child to return to El Salvador.
In light of our determination, we need not reach the mother’s remaining contentions. Skelos, J.E, Chambers, Hall and Miller, JJ., concur.