*692 In three related guardianship proceedings pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Stack, J.H.O.), dated January 9, 2013, which, without a hearing, denied her applications for the issuance of an order declaring that the subject children, Anibal H., Jose EH., and Marlene G.H., are dependent on the Family Court and making specific findings that they are unmarried and under 21 years of age, that reunification with one or both of their parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in their best interests to be returned to their previous country of nationality or last habitual residence, so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and dismissed the guardianship petitions.
Ordered that the order is reversed, on the law, without costs or disbursements, the guardianship petitions are reinstated, and the matters are remitted to the Family Court, Nassau County, for a hearing and new determination of the petitions, and, thereafter, if warranted, a hearing and a new determination of the applications for the issuance of an order making the requisite declaration and special findings.
The Family Court erred in dismissing the petitions in which Maria G.G.U. sought to be appointed as guardian of her natural children. Contrary to the Family Court’s determination, the fact that the petitioner is the natural parent of the children does not preclude the court from appointing the petitioner as guardian of the children (see Matter of Marisol N.H., 115 AD3d 185 [2014] [decided herewith]; SCEA 1703). Here, the petitioner has alleged that appointing her as guardian would be in the best interests of the children, since it would enable the children to apply for special immigrant juvenile status (hereinafter SIJS) (see Matter of Marisol N.H., 115 AD3d 185 [2014] [decided herewith]). According to the petitioner, the children’s father has abandoned the children, and, without SIJS, the children may be returned to El Salvador where gang members have threatened and extorted them and there is no one to support or protect them.
Accordingly, since the Family Court dismissed the guardianship petitions without conducting a hearing or considering the children’s best interests, the matter must be remitted to the Family Court, Nassau County, for a hearing and new determination of the guardianship petitions thereafter (see Matter of *693 Francisco M.-G. v Marcelina M.-G., 100 AD3d 900, 901 [2012]; Matter of Ashley W. [Verdele F.], 85 AD3d 807, 809 [2011]). A hearing on the applications for an order making the requisite declaration and findings, as required by federal law in support of an application for SIJS, should be held thereafter, if warranted (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Francisco M.-G. v Marcelina M.-G., 100 AD3d at 901). Mastro, J.E, Rivera, Leventhal and Chambers, JJ., concur.