In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Dane, J.), dated June 5, 2013, which, without a hearing, dismissed the petition.
Ordered that the order is reversed, on the law, without costs or disbursements, the guardianship petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing and new determination of the guardianship petition thereafter.
The Family Court erred in dismissing the petition in which Cecilia M.ES. (hereinafter the petitioner) sought to be appointed *961 guardian of her natural child. A natural parent may be appointed as guardian of his or her own child (see Matter of Marisol N.H., 115 AD3d 185 [2d Dept 2014]; SCPA 1703). Here, the petitioner has alleged that appointing her as guardian would be in the best interests of the child insofar as it would enable the child to apply for special immigrant juvenile status (see 8 USC § 1101 [a] [27] [J]), and that the child was abandoned by his father since birth. The order appealed from is devoid of any references to the child’s best interests.
Under the circumstances of this case, the Family Court erred in dismissing the guardianship petition without conducting a hearing or considering the child’s best interests, and the matter must be remitted to the Family Court, Nassau County, for a hearing and new determination of the guardianship petition thereafter (see Matter of Francisco M.-G. v Marcelina M.-G., 100 AD3d 900 [2012]; Matter of Ashley W. [Verdele F.], 85 AD3d 807 [2011]).
The petitioner’s remaining contention refers to matter dehors the record and, thus, is not properly before this Court. Dickerson, J.P, Hall, Roman and Cohen, JJ., concur.