Matter of Olga L.G.M. (Santos T.F.) (2018 NY Slip Op 06093)





Matter of Olga L.G.M. (Santos T.F.)


2018 NY Slip Op 06093


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-05661
 (Docket No. G-11761-17)

[*1]In the Matter of Olga L.G.M. (Anonymous), appellant, 
and
Santos T.F. (Anonymous), respondent.


Bruno Joseph Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated April 9, 2018. The order, without a hearing, dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the guardianship petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for an expedited hearing and a new determination thereafter of the guardianship petition.
In November 2017, the mother filed a petition pursuant to Family Court Act article 6 to be appointed the guardian of the subject child for the purpose of obtaining an order, inter alia, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated April 9, 2018, the Family Court dismissed the petition, without a hearing, on the ground that it failed to state a cause of action because the putative father's paternity had not been established. The mother appeals.
We disagree with the Family Court's determination to dismiss the petition, in which the mother sought to be appointed guardian of her child. A natural parent may be appointed guardian of his or her child (see Family Ct Act § 661[a]; Matter of Cecilia M.P.S. v Santos H.B., 116 AD3d 960, 961; Matter of Marisol N.H., 115 AD3d 185, 190), and the mere fact that paternity has not been established for the putative father does not preclude the mother's guardianship petition (see Matter of Jimenez v Perez, 144 AD3d 1036, 1037; Matter of Marisol N.H., 115 AD3d at 190).
Accordingly, since the Family Court dismissed the guardianship petition without conducting a hearing or considering the child's best interests, the matter must be remitted to the Family Court, Nassau County, for an expedited hearing and a new determination thereafter of the guardianship petition (see Matter of Cecilia M.P.S. v Santos H.B., 116 AD3d at 961; Matter of Marisol N.H., 115 AD3d at 191-192) and, if warranted, an order, inter alia, making specific findings so as to enable the child to petition for SIJS pursuant to 8 USC § 1101(a)(27)(J) (see Matter of Jimenez v Perez, 144 AD3d at 1037; Matter of Juana A.C.S. v Dagoberto D., 114 AD3d 689, 690-691).
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court