■ In the Matter of JENNY L.S., Appellant, v NICOLE M., Respondent. [834 NYS2d 773]—

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, J.), entered April 17, 2006 in a proceeding pursuant to Family Court Act article 6. The order awarded custody of the child to respondent and visitation to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the petition is granted and custody is awarded to petitioner.

Memorandum: We agree with petitioner, the child's biological mother, that Family Court erred in awarding custody of her child to respondent, a nonrelative, because respondent failed to demonstrate the existence of extraordinary circumstances (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998], quoting *Bennett*, 40 NY2d at 544). Without such a finding, " 'the inquiry ends' " (*Matter of Lynda A.H. v Diane T.O.*, 243 AD2d 24, 27 [1998], *lv denied* 92 NY2d 811 [1998], quoting *Matter of Male Infant L.*, 61 NY2d 420, 427 [1984]).

A finding of extraordinary circumstances is rare, and the circumstances must be such that they "drastically affect the welfare of the child" (*Bennett*, 40 NY2d at 549). "[T]he courts and the law [are] powerless to supplant parents except for griev-

ous cause or necessity" (*id.* at 546), or " 'gross misconduct' " (*id.* at 547). A parent will not be deprived of his or her right to custody "merely because a court or social agency believes it can decide more wisely than the parent or believes it has found someone to better raise the child" (*Male Infant L.*, 61 NY2d at 427).

Here, petitioner was voluntarily separated from her child for nine months when she moved from Virginia to New York to seek a more affordable living situation. During that period of time, she maintained regular telephone contact with her child and visited with her on four occasions. Although petitioner voluntarily relinquished physical custody of her child to respondent during that nine-month period, it is undisputed that she did so solely for the purpose of allowing respondent to place the child in daycare, and the evidence established that such daycare placement never occurred. "[T]he fact that [petitioner] agreed that [respondent] should have physical custody of the child or placed the child in the custody of [respondent] is not sufficient, by itself, to deprive the parent of custody" (*Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 292-293 [1996]). In our view, the court's conclusion that petitioner "has been only marginally and sporadically involved in the child's life for the past four or more years" is not supported by the record. We conclude that respondent failed to present evidence establishing "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Bennett*, 40 NY2d at 544). We therefore reverse the order, grant the petition and award custody of the child to petitioner.

All concur except Martoche, J., who dissents and votes to affirm in the following memorandum.

Martoche, J. (dissenting). I respectfully dissent, and would affirm. It is well established that "[t]he State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). In my view, respondent established the existence of extraordinary circumstances, and Family Court properly determined that an award of custody to respondent is in the best interests of the child.

The record establishes that in June 2003 petitioner, the biological mother of the child at issue, moved in with respondent, her friend, when the child was two years old. The child was a twin and, while petitioner and her twins resided with respondent, respondent took care of the subject child and petitioner took care of the sibling twin. In January 2004,

petitioner decided to move to Watertown, New York, although she had no relatives there, because, according to her own testimony, the Virginia Department of Social Services "does not help you," and she was told that the "resources" in Watertown were better than those in Virginia. Petitioner stayed with a friend upon moving to Watertown and, although she did not have a job, she hoped to obtain employment at a new pizza shop. The twins stayed with respondent in Virginia when petitioner moved, and respondent returned only the sibling twin to petitioner in February 2004. Petitioner obtained a one-bedroom efficiency apartment in Watertown in March 2004, where she resided with the sibling twin. Petitioner visited with the subject child "[o]nly a few times" while the child was in the custody of respondent and, in May 2004, petitioner filled out paperwork giving respondent custody of the subject child for the purpose of enrolling her in daycare. In September 2004 respondent moved into petitioner's apartment in Watertown, and she moved out a few months later with the subject child. Petitioner did not commence this proceeding seeking custody of the subject child until March 2005, after she and respondent had an argument.

After hearing the testimony of both petitioner and respondent, the court concluded that petitioner "has been only marginally and sporadically involved in the child's life for the past four or more years." The court further concluded that petitioner "was not able to articulate why her circumstances in January of 2004 were so dire that she needed to relinquish custody" of the subject child. Resolution of the issue whether respondent established the existence of extraordinary circumstances involves the credibility, demeanor and character of the witnesses, and the court's "determinations are entitled to great deference where, as here, those determinations are supported by the record" (*Matter of Terry L.G.*, 6 AD3d 1144, 1145 [2004]; *see Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1113-1114 [2003]). Also of importance is the fact that the Law Guardian asserted at the hearing and continues to assert on appeal that respondent established the existence of extraordinary circumstances. Although the recommendation of the Law Guardian is not dispositive, it is entitled to some weight unless contradicted by the record (*see Young v Young*, 212 AD2d 114, 118 [1995]).

Having concluded that the court properly determined that respondent established the existence of extraordinary circumstances, I further conclude that the court properly determined that an award of custody of the subject child to respondent is in the child's best interests (*see generally Bennett*, 40 NY2d at 548-

550). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.