1318 

██ In the Matter of JODY H., Respondent, v LYNN M., Appellant, et al., Respondent. [845 NYS2d 579]—

Appeal from an order of the Family Court, Monroe County (Julie A. Gordon, R.), entered May 4, 2005 in a proceeding pursuant to Family Court Act article 6. The order awarded sole custody of the child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent Lynn M., the paternal aunt of the child who is the subject of this custody proceeding, appeals from an order awarding sole custody of the child to petitioner, the child's father. Contrary to the contention of the aunt, Family Court properly determined that she failed to establish the existence of extraordinary circumstances to deprive the father of custody, and it therefore was unnecessary for the court to engage in a best interests analysis before awarding custody of the child to him. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]).

Without a finding of the existence of extraordinary circumstances, "the inquiry ends" and the court will not reach the issue of the best interests of the child (*Matter of Jenny L.S. v Nicole M.*, 39 AD3d 1215, 1215 [2007], *lv denied* 9 NY3d 801 [2007] [internal quotation marks omitted]; *see Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 291 [1996]). The fact that the father agreed that the aunt should have physical custody of the child while he was in rehabilitation for substance abuse is insufficient, by itself, to deprive him of custody (*see Jenny L.S.*, 39 AD3d at 1216; *Matter of Paul v Wallace*, 226 AD2d 1082 [1996]; *Michael G.B.*, 219 AD2d at 292-293). Al-

though the aunt is correct that extraordinary circumstances may exist when a parent's voluntary relinquishment of physical custody is combined with other factors, "such as the prolonged separation of parent and child, the psychological attachment of the child to the nonparent and the parent's lack of an established household and unwed state" (*Michael G.B.*, 219 AD2d at 293; *see Matter of Cote v Brown*, 299 AD2d 876, 877 [2002]), the requisite additional factors are not present here. There is no indication in the record that the father abandoned the child to the aunt's care or that he was separated from the child for a prolonged period of time (*see Cote*, 299 AD2d at 877-878; *see also Matter of Dickson v Lascaris*, 53 NY2d 204, 209-210 [1981]). Further, there is no evidence that the father has an unstable lifestyle, lacks an established household, associates with criminals, has been convicted of endangering the welfare of a child or has been found to have neglected the child (*cf. Matter of Diane FF. v Faith GG.*, 291 AD2d 671, 672 [2002]; *Matter of Scott FF. v Laurene EE.*, 278 AD2d 539, 540 [2000]; *Matter of Parker v Tompkins*, 273 AD2d 890 [2000], *lv denied* 95 NY2d 762 [2000]).

The failure of the father to pay the aunt any child support on a voluntary basis is also insufficient, by itself, to establish the existence of extraordinary circumstances and, viewing the evidence in its totality, we conclude that the aunt failed to meet her burden of establishing the existence of extraordinary circumstances. Additionally, contrary to the contention of the aunt, such circumstances are not established by a showing that she "could do a better job of raising the child" (*Matter of Corey L v Martin L*, 45 NY2d 383, 391 [1978] [internal quotation marks omitted]), or by a showing "that the child has bonded psychologically with [her]" (*Matter of Lynda A.H. v Diane T.O.*, 243 AD2d 24, 26 [1998], *lv denied* 92 NY2d 811 [1998]). In any event, even assuming, arguendo, that the aunt established the existence of extraordinary circumstances, we conclude that the best interests of the child would be served by awarding custody of the child to the father (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]). Finally, we note our disapproval of the fact that this proceeding was pending in Family Court for nearly three years as well as the fact that the custody hearing spanned a period of 15 months (*see generally* 22 NYCRR 205.14). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.