In the Matter of IRENE E. AYLWARD, Petitioner, v SHIREE A. BAILEY, Respondent, and RYAN A. MING, Appellant. [938 NYS2d 215]—

Malone Jr., J.

Subsequently, petitioner, the children's maternal grandmother (hereinafter the grandmother), commenced a proceeding seeking custody of the children and, in August 2010, Family Court issued an order granting her temporary custody of them. Following hearings on the grandmother's petition, which also encompassed the mother's modification petition, by separate orders Family Court dismissed the mother's petition and, finding that the grandmother had established extraordinary circumstances, awarded custody to the grandmother. The father appeals from the order granting custody to the grandmother.

"[I]ntervention by the [s]tate in the right and responsibility of a natural parent to custody of her or his child is warranted if there is first a judicial finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary

circumstance which would drastically affect the welfare of the child" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549 [1976]). The burden of establishing that such circumstances exists is on the nonparent seeking custody of the child (*see Matter of Daphne OO. v Frederick QQ.*, 88 AD3d 1167, 1168 [2011]). Typically, extraordinary circumstances will be found to exist if the nonparent proves that the parents engaged in "gross misconduct or other behavior evincing an utter indifference and irresponsibility" (*Matter of Gray v Chambers*, 222 AD2d 753, 754 [1995], *lv denied* 87 NY2d 811 [1996]). Here, Family Court found that extraordinary circumstances existed because the mother had an untreated substance abuse problem and pending criminal charges, the father had "twice left the [c]hildren with the [m]other for extended periods of time without contacting" them, had destroyed the grandmother's motorcycle, and engaged in domestic violence toward the mother, and the father's significant other had behaved inappropriately and used foul language in the children's presence.

"While we accord great deference on appeal to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor, in custody matters, this Court's authority is as broad as that of the hearing court" (*Matter of Brown v Zuzierla*, 73 AD3d 765, 766 [2010] [internal quotation marks and citations omitted]). On this record, we do not agree with Family Court that extraordinary circumstances exist so as to award custody of the children to the grandmother. By all accounts, the relationship between the mother and the father has not been stable and there have been periods of separation, as well as allegations of domestic violence on the part of both parties. However, neither parent has been adjudicated to have committed any act of domestic violence and the children have never been subjects of any abuse or neglect proceedings. While the father did twice leave the children with the mother, his uncontroverted testimony established that the first time he left them—for one month—he left town to care for his grandmother. Both the mother and the father testified that the second time he left them—for approximately three weeks—he did so pursuant to an informal negotiation with the mother. Once the mother was arrested, the father immediately retrieved the children and subsequently contested the grandmother's petition for custody. While the record reveals that each parent has shortcomings, none "rises to the level of unfitness, persistent neglect or other rare circumstance sufficient to permit an award of custody to the grand[mother]" (*Matter of Ramos v Ramos*, 75 AD3d 1008, 1012 [2010]). While it appears on this record that the grandmother might "do a 'better job' of raising the child[ren]," a

court cannot divest a parent of his or her right to custody of the children on that basis (*Matter of Bennett v Jeffreys*, 40 NY2d at 548; *see Matter of Ramos v Ramos*, 75 AD3d at 1012; *Matter of Stark v Kinnaw*, 212 AD2d 943, 944 [1995]). Accordingly, the order must be reversed and custody awarded to the father.

In light of the foregoing, we need not address the father's remaining contentions.

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, custody of the children awarded to respondent Ryan A. Ming, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.