# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

341

CAF 12-01897

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ELEANOR BRAUN,
PETITIONER-RESPONDENT,

                    V                                MEMORANDUM AND ORDER

LACEY DECICCO, RESPONDENT-APPELLANT,
AND JOSEPH F. LOCKWOOD, RESPONDENT.
(APPEAL NO. 1.)

---

MARY R. HUMPHREY, NEW HARTFORD, FOR RESPONDENT-APPELLANT.

RICHARD A. COHEN, ATTORNEY FOR THE CHILD, UTICA.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered May 18, 2012 in a proceeding pursuant to Family Court Act article 6. The order granted the parties joint legal custody of the subject child, with petitioner having primary physical custody.

It is hereby ORDERED that said appeal from the order insofar as it concerns the best interests of the child is unanimously dismissed and the order is affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order determining that her three-year-old son's paternal grandmother, the petitioner therein, established extraordinary circumstances in seeking custody of him. In appeal No. 2, the mother appeals from an amended order determining that her one-year-old daughter's maternal grandmother, the petitioner therein, established extraordinary circumstances in seeking custody of the daughter, based upon the testimony of the paternal grandmother with respect to her petition in appeal No. 1 seeking custody of the mother's son. Following Family Court's finding in each case of extraordinary circumstances, the mother consented to a finding in each case that it is in the best interests of each child that the mother and the respective grandmother shall share joint custody of the child at issue and that the physical placement of the child shall be with the respective grandmother. We note at the outset that, in light of the mother's consent, her contention in each appeal that the court erred in determining that it is in the best interests of each child to be placed with their respective grandmothers is not properly before us inasmuch as those parts of the orders are not appealable (*see Matter of Cherilyn P.*, 192 AD2d 1084, 1084, *lv denied* 82 NY2d 652). We nevertheless review the mother's contention that the court erred in determining that

extraordinary circumstances exist to consider the best interests of the children inasmuch as her consent to the custody disposition does not eviscerate the right to contest that finding (*see generally* CPLR 5501 [a] [3]).  As a preliminary matter, we note that, with respect to the petition of the maternal grandmother in appeal No. 2, the court was not required to hold a hearing on the issue of extraordinary circumstances because it "possesse[d] sufficient information to render an informed determination on that issue" based upon the evidence presented at the hearing in connection with the paternal grandmother's petition in appeal No. 1 (*Matter of Howard v McLoughlin*, 64 AD3d 1147, 1148).

It is well established that, "[i]n a custody dispute between a parent and a nonparent, the nonparent has the burden of proving that extraordinary circumstances exist . . . To establish extraordinary circumstances, the nonparent must establish that the parent has relinquished the right to custody by means of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Ruggieri v Bryan*, 23 AD3d 991, 992 [internal quotation marks omitted]).  Here, the paternal grandmother testified with respect to the petition in appeal No. 1 that, during the period from January 2011 to September 2011, the mother moved with the children six times after being evicted from her apartment.  The mother lived with friends and in motels during that period, and the paternal grandmother observed extremely dirty living conditions in the various locations.  The paternal grandmother testified that, at one of the locations, the mother's friends had thrown the mother's and her son's belongings into the street.  The paternal grandmother also testified that the mother had failed to obtain necessary medical care for her son.  She further testified with respect to the negative change in her grandson's demeanor and behavior, which she observed during his alternate weekend visitation with her, particularly when she returned him to his mother.

We conclude that the court properly determined that the paternal grandmother in appeal No. 1 and the maternal grandmother in appeal No. 2 established that the mother's unstable and unsanitary living conditions rendered her unfit, and thus established that extraordinary circumstances existed to warrant a hearing to determine the best interests of the children (*see Matter of Brault v Smugorzewski*, 68 AD3d 1819, 1819).  To the extent that the orders in each appeal conflict with the court's oral decision that the respective grandmothers met their burden of establishing extraordinary circumstances, by instead stating that the mother consented to that determination, it is well settled that the " 'decision controls' " (*Matter of Triplett v Scott*, 94 AD3d 1421, 1421).  We have reviewed the mother's remaining contentions in each appeal and conclude that they are without merit.

Entered:  May 2, 2014                              Frances E. Cafarell
                                                   Clerk of the Court