# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**190**
**CAF 13-00258**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF RICKEY L. WILSON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LINDA MCCRAY, RESPONDENT-RESPONDENT,
AND JASMINE JAEL GONZALEZ, FORMERLY KNOWN AS
FELICIA A. VADEN, FORMERLY KNOWN AS
FELICIA MITCHELL, RESPONDENT-APPELLANT.

---

PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR PETITIONER-RESPONDENT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR RESPONDENT-RESPONDENT.

TANYA CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered January 29, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Jasmine Jael Gonzalez (respondent), a nonparent, appeals from an order that, among other things, awarded sole custody of the subject child to petitioner father. "It is well established that, as between a parent and nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). The burden was on respondent to establish such extraordinary circumstances (*see Matter of Darlene T.*, 28 NY2d 391, 394, *Matter of Wilson v Smith*, 24 AD3d 562, 563), and the record supports Family Court's determination that she failed to meet that burden.

We reject respondent's contention that the court erred in refusing to adjourn the hearing when she failed to appear. "The grant

or denial of a motion for an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Steven B.*, 6 NY3d 888, 889 [internal quotation marks omitted]). In view of respondent's repeated failures to appear, we perceive no abuse of discretion in the court's refusal to adjourn the hearing (*see Matter of Lillian D.L.*, 29 AD3d 583, 584). Contrary to respondent's further contention, we conclude that the court properly took judicial notice of its own prior proceedings with respect to the father's paternity (*see Matter of Gugino v Tsvasman*, 118 AD3d 1341, 1342).

Entered: February 13, 2015

Frances E. Cafarell
Clerk of the Court