# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**842.1**
**CAF 14-00951**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DONNY BRETZINGER,
PETITIONER-RESPONDENT,

V                                            MEMORANDUM AND ORDER

ALICIA HATCHER, RESPONDENT-APPELLANT.

---

LISA DIPOALA HABER, SYRACUSE, FOR RESPONDENT-APPELLANT.

GOETTEL, POPLASKI & DUNN, PLLC, WATERTOWN (JASON POPLASKI OF COUNSEL),
FOR PETITIONER-RESPONDENT.

SUSAN A. SOVIE, ATTORNEY FOR THE CHILD, WATERTOWN.

---

Appeal from an order of the Family Court, Jefferson County
(Richard V. Hunt, J.), entered May 9, 2014. The order granted
petitioner's motion for a default order, granted sole custody of the
subject child to petitioner and suspended the right of respondent to
parenting time.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, petitioner's motion is
denied, respondent's motion is granted, and the petition is dismissed.

Memorandum: Pursuant to an order of custody issued by a Texas
court, petitioner father had the exclusive right to designate the
primary residence of the child. The father, who is in the military,
thereafter relocated with the child to Fort Drum in New York, where he
was stationed. Pursuant to the order, respondent mother had
visitation with the child, and the father was to pay for the
transportation of the child to the mother three times per year. In
May 2013, the child's paternal grandmother filed a petition to modify
the custody order by suspending the visitation rights of the mother,
who still resided in Texas. The petition was later amended to name
the father as the petitioner once he returned from deployment
overseas. In August 2013, the mother moved to dismiss the petition
for lack of jurisdiction, which Family Court denied. In October 2013,
the court communicated with a Texas court, which declined
jurisdiction. At a court appearance in April 2014, the mother
indicated by telephone that she would not be able to appear personally
for the hearing set later that month because of financial constraints,
the court disconnected the call, and the father moved for a default
order based on the mother's statements. The court granted the
father's motion, and we now reverse.

Initially, we conclude that the court abused its discretion in granting the motion of the mother's attorney, made before the court took testimony from the father upon the default, to withdraw as counsel for the mother without notice to her (*see Matter of La'Derrick W.*, 63 AD3d 1538, 1539).  " 'Because the purported withdrawal of counsel in this case was ineffective, the order entered by [the c]ourt was improperly entered as a default order and appeal therefrom is not precluded' " (*id.*).

We agree with the mother that the court erred in denying her motion to dismiss the petition.  Texas had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a at the time of the filing of the petition, and the father's allegations in the petition were insufficient for the court to exercise temporary emergency jurisdiction pursuant to Domestic Relations Law § 76-c (*see Matter of Segovia v Bushnell*, 85 AD3d 1267, 1268).  In any event, the court did not "immediately" communicate with the Texas court, as required by section 76-c (4) (*see Matter of Callahan v Smith*, 23 AD3d 957, 958-959).  Furthermore, the court erred in requiring the mother to seek an order from a Texas court inasmuch as it was the father's burden to do so (*see* § 76-c [3]).  Although the court later acquired jurisdiction when it communicated with the Texas court, which declined jurisdiction over the petition (*see* § 76-b [1]), at the time the court issued its order denying the mother's motion to dismiss, it did not have temporary emergency jurisdiction and had not complied with the requirements of section 76-c.  We therefore reverse the order, deny the father's motion for a default order, and grant the mother's motion to dismiss.  In light of our determination, we do not consider the mother's remaining contention.

Entered:  June 19, 2015                         Frances E. Cafarell
                                                Clerk of the Court