# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1187**
**CAF 14-00050**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF DAYSHAUN W., SHAKIMAH W.
AND ANASTASIA M.
------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JASMINE G., (ALSO KNOWN AS FELICIA V., ALSO
KNOWN AS FELICIA M.), RESPONDENT-APPELLANT.
------------------------------------------
RICKEY L.W., INTERVENOR-RESPONDENT.
(APPEAL NO. 1.)

---

PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF
COUNSEL), FOR INTERVENOR-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered December 9, 2013 in a proceeding pursuant to Family Court Act article 10.  The order, among other things, adjudged that respondent had neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  These consolidated appeals arise from a neglect proceeding pursuant to Family Court Act article 10 and a custody proceeding pursuant to Family Court Act article 6.  Both proceedings concern the children of Rickey L.W. (father), intervenor in the neglect proceeding and petitioner in the custody proceeding, and Linda M., respondent in the custody proceeding.  The children, upon the consent of the parents, had been in custody of a nonrelative, Jasmine G. (respondent), respondent in both proceedings.  In appeal No. 1, respondent appeals from an order that, inter alia, adjudged that the children, Dayshaun W., Shakimah W., and Anastasia M., had been neglected by her.  In appeal No. 2, respondent appeals from an order that, inter alia, awarded sole custody of Dayshaun and Shakimah to the father.  Sole custody of Anastasia was previously awarded to the father in an order affirmed by this Court on appeal (*Matter of Wilson*

*v McCray*, 125 AD3d 1512, *lv denied* 25 NY3d 908).

We reject the contention of respondent in appeal No. 1 that petitioner, Monroe County Department of Human Services (DHS), failed to establish educational and medical neglect with respect to Dayshaun by a preponderance of the evidence. "Unrebutted evidence of excessive school absences [is] sufficient to establish . . . educational neglect" (*Matter of Gabriella G. [Jeannine G.]*, 104 AD3d 1136, 1137 [internal quotation marks omitted]). DHS presented evidence establishing "a significant, unexcused absentee rate that ha[d] a detrimental effect on the child's education" (*Matter of Ember R.*, 285 AD2d 757, 758, *lv denied* 97 NY2d 604), and respondent failed to establish a reasonable justification for Dayshaun's absences or otherwise rebut the prima facie evidence of educational neglect (*see Gabriella G.*, 104 AD3d at 1137). DHS also established a prima facie case of medical neglect by presenting evidence of respondent's failure to follow treatment recommendations for Dayshaun upon his discharges from psychiatric hospitalizations, and respondent failed to rebut the agency's prima facie case (*see Matter of Samuel DD. [Margaret DD.]*, 81 AD3d 1120, 1124; *Matter of Dustin P.*, 57 AD3d 1480, 1480-1481). Finally, in appeal No. 1, we conclude that Family Court properly determined that the evidence of neglect with respect to Dayshaun "demonstrates such an impaired level of . . . judgment as to create a substantial risk of harm for any child in respondent's care" (*Matter of Daniella HH.*, 236 AD2d 715, 716), thus warranting a finding of derivative neglect with respect to Shakimah and Anastasia (*see Matter of Jovon J.*, 51 AD3d 1395, 1396).

We reject respondent's contention in appeal No. 2 that the court erred in awarding sole custody of Dayshaun and Shakimah to the father. Contrary to respondent's contention, we conclude that she failed to meet her burden of establishing that the father relinquished his superior right to custody because of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *see Matter of Jody H. v Lynn M.*, 43 AD3d 1318, 1319). "[I]t therefore was unnecessary for the court to engage in a best interests analysis before awarding custody of the child[ren] to him" (*Jody H.*, 43 AD3d at 1318).

Entered: November 20, 2015

Frances E. Cafarell
Clerk of the Court