# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1022**
**CAF 14-01082, CAF 14-01052**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF RICHARD STENT,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARY SCHWARTZ AND DAN SCHWARTZ,
RESPONDENTS-APPELLANTS.

---

BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT DAN SCHWARTZ.

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT MARY SCHWARTZ.

JACQUELINE M. GRASSO, ATTORNEY FOR THE CHILD, BATAVIA.

---

Appeals from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered June 4, 2014 in a proceeding pursuant to Family Court Act article 6. The order granted custody of the subject child to petitioner with visitation to respondents.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Respondents, the mother and the father of the child who is the subject of this proceeding, both appeal from an order that granted custody of the child to petitioner, the child's half brother. Initially, we agree with the mother and the father that Family Court erred in drawing a negative inference against them based on their failure to testify. The mother and the father were both called as witnesses and gave testimony for petitioner, and they were also questioned by their own attorneys and the Attorney for the Child. The court therefore erred in drawing a negative inference against them inasmuch as they did in fact testify at the hearing (*see Matter of Raymond D.*, 45 AD3d 1415, 1415-1416).

We nevertheless agree with the court's determination that petitioner met his burden of establishing that extraordinary circumstances exist to warrant an inquiry into whether it is in the best interests of the child to award him custody (*see Matter of Scala v Parker*, 304 AD2d 858, 859; *see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 548). It is well-settled that, "as between a parent and nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' "

(*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981, quoting *Bennett*, 40 NY2d at 544). Here, the evidence established that the mother and the father changed residences frequently over a period of 18 months, and they were evicted from one residence and were homeless for several months, living in a tent or their vehicle. The child changed schools five times in four school districts over that same time period and, with each change in school, the child missed at least several days and sometimes several weeks of school. Indeed, we note that "[u]nrebutted evidence of excessive school absences [is] sufficient to establish . . . educational neglect" (*Matter of Gabriella G. [Jeannine G.]*, 104 AD3d 1136, 1137 [internal quotation marks omitted]). The evidence also supports the court's conclusion that the child had poor hygiene. Thus, the record establishes that the mother and the father have exhibited "behavior evincing utter indifference and irresponsibility," and the court therefore properly concluded that extraordinary circumstances exist (*Matter of Male Infant L.*, 61 NY2d 420, 427; *see Matter of Darrow v Darrow*, 106 AD3d 1388, 1391-1392; *Scala*, 304 AD2d at 859-860; *see also Matter of Braun v Decicco*, 117 AD3d 1453, 1454, *lv dismissed in part and denied in part* 24 NY3d 927).

It is well settled that, "once extraordinary circumstances are found, the court must then make the disposition that is in the best interest[s] of the child" (*Bennett*, 40 NY2d at 548), and we agree with the court that the child's best interests are served by awarding petitioner custody of the child with visitation to the mother and the father (*see Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101, *lv denied* 7 NY3d 711). A best interests analysis considers numerous factors, " 'including the continuity and stability of the existing custody arrangement, the quality of the child's home environment and that of the [party] seeking custody, the ability of each [party] to provide for the child's emotional and intellectual development, the financial status and ability of each [party] to provide for the child, and the individual needs and expressed desires of the child' " (*Matter of Michael P. v Judi P.*, 49 AD3d 1158, 1159; *see generally Fox v Fox*, 177 AD2d 209, 210). Petitioner lived with the child and the mother and the father until 2012, and he has had regular visitation with the child since May 2013. Petitioner has full-time employment and his own residence and, unlike the mother and the father, he has shown the ability to budget and prioritize to provide for the child. Petitioner has also planned for the child's schooling and medical needs. We therefore conclude on the record before us that the court's custody determination has a sound and substantial basis in the record (*see Matter of Loukopoulos v Loukopoulos*, 68 AD3d 1470, 1472-1473; *Vincent A.B.*, 30 AD3d at 1101-1102; *see generally Matter of Goossen v Goossen*, 72 AD3d 1591, 1591).

All concur except CARNI and DEJOSEPH, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. In our view, Family Court erred in granting custody of the subject child to petitioner, and we therefore would reverse the order and dismiss the petition.

While we agree with the majority that the court erred in drawing a negative inference against respondents on the basis that they

"declined to testify at the fact-finding hearing" inasmuch as respondents in fact testified at the hearing (*see Matter of Raymond D.*, 45 AD3d 1415, 1415-1416), we conclude that the court erred in awarding custody of the child to petitioner because petitioner failed to demonstrate the existence of extraordinary circumstances (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). "A finding of extraordinary circumstances is rare, and the circumstances must be such that they 'drastically affect the welfare of the child' " (*Matter of Jenny L.S. v Nicole M.*, 39 AD3d 1215, 1215, *lv denied* 9 NY3d 801, quoting *Bennett*, 40 NY2d at 549; *see Matter of Aylward v Bailey*, 91 AD3d 1135, 1136). Absent a threshold showing of extraordinary circumstances, "the question of best interests does not arise and the natural parent[s] must be awarded custody" (*Matter of Male Infant L.*, 61 NY2d 420, 429; *see Matter of Jody H. v Lynn M.*, 43 AD3d 1318, 1318).

Here, we conclude that the evidence at the hearing concerning respondents' alleged deficiencies as parents fell short of establishing unfitness, persisting neglect, or similar misconduct constituting extraordinary circumstances (*see Aylward*, 91 AD3d at 1136-1137; *Matter of Culver v Culver*, 190 AD2d 960, 961-962; *see also Jenny L.S.*, 39 AD3d at 1216; *cf. Matter of Braun v Decicco*, 117 AD3d 1453, 1454, *lv dismissed in part and denied in part* 24 NY3d 927). The fact that respondents moved between various temporary residences with the child for some time after being evicted from their apartment is not, by itself, sufficient to establish unfitness (*see Matter of Mildred PP. v Samantha QQ.*, 110 AD3d 1160, 1161-1162; *Matter of Darrow v Darrow*, 106 AD3d 1388, 1392; *see generally Male Infant L.*, 61 NY2d at 430), and the record does not establish that their living situation was ever unsafe (*cf. Matter of Van Dyke v Cole*, 121 AD3d 1584, 1585-1586; *Darrow*, 106 AD3d at 1392), or that the child's medical care was being neglected (*see Matter of Jerry Q. v Malissa R.*, 287 AD2d 810, 811).

In our view, the child's school absences and hygiene do not rise to the level of extraordinary circumstances, and petitioner's testimony that the child would be better off living with him also does not establish extraordinary circumstances (*see Bennett*, 40 NY2d at 548; *Jody H.*, 43 AD3d at 1319). In view of petitioner's failure to demonstrate the existence of extraordinary circumstances, the court erred in awarding him custody of the child (*see generally Male Infant L.*, 61 NY2d at 429; *Jody H.*, 43 AD3d at 1318).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court