Carni and DeJoseph, JJ.
(dissenting). We respectfully dissent. In our view, Family Court erred in granting custody of the subject child to petitioner, and we therefore would reverse the order and dismiss the petition.
While we agree with the majority that the court erred in drawing a negative inference against respondents on the basis that they “declined to testify at the fact-finding hearing” inasmuch as respondents in fact testified at the hearing (see Matter of Raymond D., 45 AD3d 1415, 1415-1416 [2007]), we conclude that the court erred in awarding custody of the child to petitioner because petitioner failed to demonstrate the existence of extraordinary circumstances (see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). “A finding of extraordinary circumstances is rare, and the circumstances must be such that they ‘drastically affect the welfare of the child’ ” (Matter of Jenny L.S. v Nicole M., 39 AD3d 1215, 1215 [2007], lv denied 9 NY3d 801 [2007], quoting Bennett, 40 NY2d at 549; see Matter of Aylward v Bailey, 91 AD3d 1135, 1136 [2012]). Absent a threshold showing of extraordinary circumstances, “the question of best interests does not arise and the natural parent [s] must be awarded custody” (Matter of Male Infant L., 61 NY2d 420, 429 [1984]; see Matter of Jody H. v Lynn M., 43 AD3d 1318, 1318 [2007]).
*1305 Here, we conclude that the evidence at the hearing concerning respondents’ alleged deficiencies as parents fell short of establishing unfitness, persisting neglect, or similar misconduct constituting extraordinary circumstances (see Aylward, 91 AD3d at 1136-1137; Matter of Culver v Culver, 190 AD2d 960, 961-962 [1993]; see also Jenny L.S., 39 AD3d at 1216; cf. Matter of Braun v Decicco, 117 AD3d 1453, 1454 [2014], lv dismissed in part and denied in part 24 NY3d 927 [2014]). The fact that respondents moved between various temporary residences with the child for some time after being evicted from their apartment is not, by itself, sufficient to establish unfitness (see Matter of Mildred PP. v Samantha QQ., 110 AD3d 1160, 1161-1162 [2013]; Matter of Darrow v Darrow, 106 AD3d 1388, 1392 [2013]; see generally Male Infant L., 61 NY2d at 430), and the record does not establish that their living situation was ever unsafe (cf. Matter of Van Dyke v Cole, 121 AD3d 1584, 1585-1586 [2014]; Darrow, 106 AD3d at 1392), or that the child’s medical care was being neglected (see Matter of Jerry Q. v Malissa R., 287 AD2d 810, 811 [2001]).
In our view, the child’s school absences and hygiene do not rise to the level of extraordinary circumstances, and petitioner’s testimony that the child would be better off living with him also does not establish extraordinary circumstances (see Bennett, 40 NY2d at 548; Jody H., 43 AD3d at 1319). In view of petitioner’s failure to demonstrate the existence of extraordinary circumstances, the court erred in awarding him custody of the child (see generally Male Infant L., 61 NY2d at 429; Jody H., 43 AD3d at 1318). Present — Centra, J.P., Peradotto, Carni, Whalen and DeJoseph, JJ.