Miner v Miner (2018 NY Slip Op 06368)





Miner v Miner


2018 NY Slip Op 06368


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


940.1 CA 18-00576

[*1]LUANN MINER AND RONALD MINER, PETITIONERS-RESPONDENTS-APPELLANTS,
v
HEATHER MINER, RESPONDENT, AND DARRYL WELCH, RESPONDENT-PETITIONER-RESPONDENT. - JENNIFER M. LORENZ, ATTORNEY FOR THE CHILDREN, APPELLANT. 






KATHLEEN E. GAINES, NIAGARA FALLS, FOR PETITIONERS-RESPONDENTS-APPELLANTS.
JENNIFER M. LORENZ, ORCHARD PARK, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE. 
 


 Appeals from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered February 26, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject children to respondent-petitioner Darryl Welch. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioners-respondents, the maternal grandparents of the subject children (grandparents), and the Attorney for the Children (AFC) appeal from an order that, inter alia, denied the grandparents' custody petition and granted the petition of respondent-petitioner father awarding the father sole custody of the subject children, with visitation to the grandparents. We affirm.
"It is well established that, as between a parent and a nonparent, the parent has a superior right of custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). Further, Supreme Court's factual findings "are entitled to great deference, and will not be set aside where, as here, they are supported by the record" (Matter of Cambridge v Cambridge, 13 AD3d 443, 444 [2d Dept 2004]).
Contrary to the contention of the grandparents and the AFC, the grandparents failed to establish extraordinary circumstances based on an "extended disruption of custody" inasmuch as the longest period of time that the grandparents had custody of the children was seven months, after which the father regained custody of the children for a period of time (Matter of Suarez v Williams, 26 NY3d 440, 448 [2015]; cf. Matter of Orlowski v Zwack, 147 AD3d 1445, 1447 [4th Dept 2017]; see generally Domestic Relations Law § 72 [2] [b]). Contrary to the further contention of the grandparents and the AFC, the grandparents failed to establish extraordinary circumstances based on the father's alleged history of domestic abuse. At the fact-finding hearing, the father disputed the allegations that he had engaged in acts of domestic violence [*2]against the mother, and the evidence established that the domestic violence charges were dismissed (see generally Matter of Aylward v Baily, 91 AD3d 1135, 1136 [3d Dept 2012]; Matter of Ramos v Ramos, 75 AD3d 1008, 1012 [3d Dept 2010]).
In light of our determination, this Court need not reach the issue of the best interests of the children (see Bennett, 40 NY2d at 548; Matter of Jody H. v Lynn M., 43 AD3d 1318, 1318 [4th Dept 2007]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court