Matter of Adams v John (2024 NY Slip Op 02404)

Matter of Adams v John

2024 NY Slip Op 02404

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

100 CAF 22-01996

[*1]IN THE MATTER OF BILLY RON ADAMS, JR., AND LYDIA C. ADAMS, PETITIONERS-RESPONDENTS,
v
STEPHEN R. JOHN, RESPONDENT-RESPONDENT, AND MICHELLE J. ADAMS, RESPONDENT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered on December 7, 2022, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted joint custody of the subject child to petitioners and respondents with primary physical placement of the subject child with petitioners. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioners, the brother and sister-in-law of the subject child, commenced this proceeding pursuant to Family Court Act article 6 seeking joint custody of the child with respondent mother and respondent father with primary physical placement of the child with petitioners. The mother moved for, inter alia, summary judgment dismissing the petition on the ground that Family Court lacked jurisdiction to consider the petition because, several years prior to the petition, the mother had moved out-of-state with the child. The court reserved decision on the motion but nonetheless commenced the hearing on the merits of the petition. Over six months later, the court denied the motion on the ground that issues of fact warranted a hearing on the jurisdictional issue, however, no such hearing was held. Following further appearances, the court issued an oral decision in which it found, without further elaboration, that "extraordinary circumstances" existed and, inter alia, awarded petitioners joint custody of the subject child with the mother and the father, and awarded petitioners primary physical custody of the child. The mother now appeals from the subsequently entered order reflecting the court's determination.
Initially, we conclude that the court erred in addressing the merits of the petition without first resolving whether it had subject matter jurisdiction to do so, inasmuch as this threshold issue implicates a court's "competence to entertain an action" (Lacks v Lacks, 41 NY2d 71, 75 [1976], rearg denied 41 NY2d 862, 901 [1977]) and any order issued in the absence of subject matter jurisdiction is void (see Henry v New Jersey Tr. Corp., 39 NY3d 361, 367 [2023]; Matter of Montanez v Tompkinson, 167 AD3d 616, 619 [2d Dept 2018]). Further, Domestic Relations Law § 75-f expressly provides that where, as here, a party in a child custody proceeding raises an issue regarding the existence of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, that issue "must be given priority on the calendar and handled expeditiously" (Domestic Relations Law § 75-f). The court here not only failed to prioritize that threshold issue, it never expressly resolved the issue before rendering a final determination on the merits.
We nonetheless reject the mother's contention that the court lacked subject matter jurisdiction to consider the petition. The mother's jurisdictional argument relies on Domestic Relations Law § 76, which pertains to an initial custody determination. Here, however, at the time of the filing of the instant petition, custody of the subject child as between the mother and the father was [*2]governed by an order of Ontario County Family Court. In the instant petition, petitioners effectively seek modification of this order. Thus, the threshold question before us is whether the New York court ever lost or relinquished its exclusive, continuing jurisdiction under Domestic Relations Law § 76-a (see generally Matter of Bretzinger v Hatcher, 129 AD3d 1698, 1699 [4th Dept 2015]). On this record, we conclude that it did not. There is no evidence in the record that the court, at any point, determined "that it should relinquish jurisdiction because the child does not have a 'significant connection' with New York, and 'substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships' " (Matter of Wnorowska v Wnorowski, 76 AD3d 714, 714 [2d Dept 2010], quoting § 76-a [1] [a]). Indeed, the child has a significant continuing connection to New York in that the father, a respondent in the present petition who had previously been granted joint custody of the child with the mother, was and remains a New York resident. Thus, this is also not a case where "a court of this state or a court of another state determine[d] that the child, the child's parents, and any person acting as a parent do not presently reside in [New York]" (§ 76-a [1] [b]; cf. Matter of Richard Y. v Victoria Z., 198 AD3d 1200, 1202 [3d Dept 2021]).
We agree with the mother, however, that the court's determination to award petitioners joint custody of the child along with herself and the father lacks a sound and substantial basis in the record inasmuch as petitioners failed to establish the existence of extraordinary circumstances. " '[A]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child' " (Matter of Orlowski v Zwack, 147 AD3d 1445, 1446 [4th Dept 2017]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 545-546 [1976]). "A finding of extraordinary circumstances is rare, and the circumstances must be such that they 'drastically affect the welfare of the child' " (Matter of Jenny L.S. v Nicole M., 39 AD3d 1215, 1215 [4th Dept 2007], lv denied 9 NY3d 801 [2007]; see Bennett, 40 NY2d at 549). Such circumstances are not established by a mere showing that the nonparent "could do a better job of raising the child" (Matter of Corey L v Martin L, 45 NY2d 383, 391 [1978] [internal quotation marks omitted]). Where a nonparent fails to establish extraordinary circumstances, "the inquiry ends" (Jenny L.S., 39 AD3d at 1215 [internal quotation marks omitted]).
Here the court failed to set forth "those facts upon which the rights and liabilities of the parties depend" (Matter of Valentin v Mendez, 165 AD3d 1643, 1643-1644 [4th Dept 2018] [internal quotation marks omitted]), specifically its analysis of why extraordinary circumstances existed to warrant an inquiry into whether an award of joint custody to petitioners was in the best interests of the child. The record is nonetheless sufficient for us to make our own determination (see Matter of Amanda B. v Anthony B., 13 AD3d 1126, 1127 [4th Dept 2004]). We conclude that petitioners failed to meet their burden of establishing that the mother "relinquished her superior right to custody" (Matter of Lynda A.H. v Diane T.O., 243 AD2d 24, 26 [4th Dept 1998], lv denied 92 NY2d 811 [1998]). Under the circumstances of this case, the mother's decision to leave the child with petitioners for a little over a month before seeking his return did not amount to the type of prolonged separation that would evidence the mother's abandonment of the child or her intent to do so (see Matter of Jody H. v Lynn M., 43 AD3d 1318, 1319 [4th Dept 2007]; see generally Miner v Miner, 164 AD3d 1620, 1620 [4th Dept 2018]). The record contains no evidence of physical abuse of the child as alleged in the petition. Further, although petitioners alleged drug use by the mother and her partner, the minimal and speculative evidence of the alleged drug use falls far short of establishing that the mother presented a danger to the child or that she could not provide the child a stable home (see Jody H., 43 AD3d at 1319). We therefore reverse the order and dismiss the petition.
In light of our determination, this Court need not reach the issue of the best interests of the child (see Miner, 164 AD3d at 1621; Jenny L.S., 39 AD3d at 1215).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court